(69 Misc. Rep. 612.)

SELETZSKY v. JAMES et al.

(Supreme Court, Appellate Term. December 8, 1910.)

1. LANDLORD AND TENANT (§ 184*) — TERM FOR YEARS — DEPOSIT TO SECURE PERFORMANCE—LANDLORD'S RIGHTS.

Where a deposit has been made by the tenant to secure the performance of all the conditions and covenants of a lease for a term of years, the landlord, in the absence of a specific agreement in the lease as to when and under what conditions the deposit should be returned or accounted for, is entitled to retain the sum deposited until the expiration of the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743-750; Dec. Dig. § 184.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 109*)—TERM FOR YEARS — TERMINATION—EVICTION.

A tenant entered into a lease for 10 years, and before the expiration of the 10 years was dispossessed by the landlord under a right of re-entry. *Held*, that the dispossession of the tenant was a termination of the lease and an annulment of the relation of landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

3. LANDLORD AND TENANT (§ 109*)—TERM FOR YEARS—TERMINATION—EFFECT ON COVENANTS.

The termination of a lease for years, by reason of the landlord's election to re-enter, is not affected or deferred by an agreement of the parties contained in the lease that its covenants should survive the termination of the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 109.*]

4. LANDLORD AND TENANT (§ 184*)—TERM FOR YEARS — DEPOSIT TO SECURE PERFORMANCE—EFFECT OF DISPOSSESSION.

Where a tenant entered into a lease for a term of 10 years, and made a deposit to secure performance of the conditions and covenants of the lease, and it was agreed in the lease that such deposit was to be held until 30 days after the expiration or termination of the lease, and then to be returned to the tenant, or accounted for, *held*, that the landlord, after the assertion of a right of re-entry and a dispossession of the tenant, had no right to the deposit, except as to such damages as had accrued for a breach of the conditions and covenants prior to the date of re-entry, so that the tenant could sue on the expiration of the 30 days to recover the balance.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 184.*]

Appeal from City Court of New York, Trial Term.

Action by Benny Seletzsky against Caroline A. James, Ada E. Carter, and William Miles. From a judgment of the City Court of the City of New York dismissing the complaint on the merits, the plaintiff appeals. Reversed, and a new trial granted.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Henry Kuntz (Abraham P. Wilkes, of counsel), for appellant.

Greene, Hurd & Stowell (George F. Hurd, of counsel), for respondents.

GUY, J. The plaintiff herein appeals from a judgment rendered in favor of the defendants dismissing plaintiff's complaint upon the merits. The action was tried upon an agreed statement of facts, from which it appears that in November, 1904, plaintiff's assignor entered into a lease by which she hired from defendants certain premises for a period of 10 years, commencing November 1, 1904, and deposited with defendants $1,000, as agreed, for the faithful performance of the covenants of the lease. Under the tenth clause of the lease, the landlords were given the right of re-entry in the event of a breach of covenant on the part of the tenant and to relet the premises as agents of the tenant; the tenant to remain liable for any deficiency. It appears further that plaintiff's assignor entered into possession under the lease and remained in possession until February 6, 1908, on which date she was dispossessed for nonpayment of rent for the month of January, 1908; that on the same day she assigned her claim

against these defendants for the recovery of the $1,000 deposit; and that plaintiff immediately thereafter demanded from defendants either the return of the deposit money or an accounting thereof, which demand defendants refused. On the trial defendants contended that they were entitled to retain the deposit until the expiration of the full term of 10 years covered by the lease, and that the action was, therefore, prematurely brought. Defendants also alleged that plaintiff's assignor was in arrears for rent due on January 15, 1908, amounting to $229.15. Plaintiff agreed that this sum should be deducted from the amount claimed by plaintiff, conceding it to be a proper counterclaim. Defendants also alleged that in March, 1908, the defendants expended the sum of $2,000 in making repairs to the premises which should have been made, under the provisions of the lease, by plaintiff's assignor. Plaintiff contended that this cause of action in favor of defendants as against plaintiff's assignor could not be counterclaimed in this action, under section 502 of the Code, as it matured after the assignment to plaintiff and after defendants had notice of the assignment to plaintiff by the commencement of this action. Defendants also counterclaimed the sum of $1,125 by reason of a loss of rent resulting from defendants' reletting of premises as agents of plaintiff's assignor. Plaintiff consented that there should be a deduction from plaintiff's claim of so much of the loss of rent as had been incurred prior to the time when plaintiff's cause of action accrued. The court below held that under the terms of the lease defendants had a right to retain the deposit until the expiration of the full term of 10 years covered by the lease. This is the main question involved on this appeal.

The deposit having been given to secure the performance of all the conditions and covenants of the lease, the defendants would unquestionably have been entitled to retain said sum until the termination of the period of 10 years in the absence of a specific agreement in the lease as to when and under what conditions said deposit should be returned or accounted for. The lease, however, contained the following provision:

"Said sum of money shall be held and retained by the said landlords until thirty days after the expiration or termination of this lease, at which time it shall be returned to the tenant or duly accounted for." ·

There can be no question that the lease expired and terminated on the 6th day of February, 1908, by reason of the removal of the tenant in summary proceedings. The agreement between the parties, as set forth in the lease, that some of the covenants thereof should survive the expiration or termination of the lease, does not alter this fact.

"The issuing of a warrant for the removal of a tenant from demised premises * * * annuls * * * the relation of landlord and tenant, except that it does not prevent a landlord from recovering, by action, any sum of money, which was, at the time when the precept was issued, payable by the terms of the agreement, as rent for the premises; or the reasonable value of the use and occupation thereof, to the time when the warrant was issued * * * it terminates the lease, as such, the same as if it had been voluntarily canceled and given up." Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425.

"The entry of the landlord under the warrant * * * canceled the lease and annulled the relation of landlord and tenant. When the landlord elected to assert that right, he waived all claim to the deposit, except so far as it

was necessary to apply it in payment of rent then due or accrued." Cæsar v. Rubinson, 174 N. Y. 492–498, 67 N. E. 58, 60.

See, also, Fleishauer v. Bell, 44 Misc. Rep. 240, 88 N. Y. Supp. 922.

It follows that the plaintiff's assignor at the expiration of 30 days after re-entry by the landlords had a good cause of action against the defendants for the return of the deposit less such damages, and only such damages, as had accrued for breach of the covenants of the lease prior to that date, which cause of action has been duly assigned to the plaintiff. It was error, therefore, to dismiss the complaint on the merits.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.