## BLUMBERG v. CORDAY.

(Supreme Court, Special Term, New York County. June 10, 1915.)

1. LANDLORD AND TENANT ⊗⇒184(2)—DISPOSSESSION OF PREMISES—DEPOSIT FOR SECURITY.

The provision of a lease for a term of three years at an annual rental payable in monthly installments, whereby the lessee deposited a certain amount with the lessor as security for his performance of all the terms and covenants of the lease, to remain with the lessor until the end of the term, and that if the premises should become vacant during the term the lessor might re-enter by summary proceedings or otherwise and relet the premises as the lessee's agent, paying any excess of rent to the lessee, who was to remain liable for any deficiency of rent, was not terminated by the lessor's dispossession of the lessee for nonpayment of an installment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ⊗⇒184(2).]

2. LANDLORD AND TENANT ⊗⇒184(2)—DEPOSIT BY TENANT—RECOVERY—TIME.

Under such provision, and in view of the fact that the deficiency of rent, if any, chargeable to the tenant, could not be determined before the end of the term, the lessor had the right to hold the security until the end of the term, so that the lessee's action to recover it, brought before that time, was premature.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 745–748; Dec. Dig. ⊗⇒184(2).]

3. SET-OFF AND COUNTERCLAIM ⊗⇒28(2)—DEPOSIT BY TENANT—ACTION TO RECOVER—OFFSETS.

In such action, the lessor's claim for damages by reason of the lessee's alleged failure to comply with the covenants of the lease to keep the premises in repair, to obtain and keep accident and liability insurance, to pay for gas used on the premises, etc., were proper offsets.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 48; Dec. Dig. ⊗⇒28(2).]

Action by Millie Blumberg against Jacob Corday. Defendant's motion for judgment on the pleadings granted, with leave to plaintiff to withdraw the demurrer within 10 days, upon payment of costs.

Affirmed by Appellate Division, 155 N. Y. Supp. 1095.

Oscar Englanger, of New York City, for plaintiff.

Rogers & Rogers, of New York City, for defendant.

PAGE, J. The defendant leased certain premises to the plaintiff's assignor for a term of three years, expiring December 31, 1915, at an annual rental of $12,300, payable in monthly installments of $1,025 in advance. The plaintiff's assignor deposited with the defendant as security under the lease the sum of $2,050. The plaintiff's assignor failed to pay the rent for the month of December, 1913, whereupon defendant

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

obtained possession of the premises by warrant of dispossession issued from the Municipal Court.

[1, 2] The plaintiff has brought this action to recover the said deposit from the defendant on the ground that the lease was terminated, and with it the defendant's right to hold the deposit was terminated. The defendant has answered the complaint, alleging by way of defense the provisions of the aforesaid lease, which states:

"Thirteenth. The tenant has this day deposited with the landlord the sum of two thousand and fifty dollars ($2,050) as security for the faithful performance of all of the terms, covenants, and conditions in the within lease contained, and shall remain with the landlord until December 31, 1915, upon the terms and conditions hereinafter described. If the said premises herein demised or any part thereof shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, * * * and relet the said premises as the agents of the said tenant, and receive the rent thereof, applying the same first to the payment of such expenses as they may be put to in re-entering, and then to the payment of the rent due by these presents, and the balance, if any, to be paid over to the tenant, who shall remain liable for any deficiency. The term 're-enter' shall and is intended to include summary proceedings. * * * For the purpose of indemnifying the landlord the issuance or execution of a warrant in summary proceedings against the tenant * * * shall not operate to permit the tenant * * * to institute an action for the recovery thereof, but, on the contrary, the said sum so deposited shall remain with the landlord * * * until December 31, 1915, and no action for the recovery thereof or any portion of the same shall or may be instituted until ten (10) days after the said last-mentioned date, at which time, if the terms, conditions, and covenants are fully complied with, then and in that event the said security shall be returned to the tenant and interest upon the said security of 3 per cent. per annum aforesaid."

The defense further states that the full term thus provided for has not expired, and that the tenant was dispossessed by summary proceedings for failure to pay rent amounting to $1,025 for December, 1913, and that the lease hereinbefore described is the lease upon which the plaintiff has instituted this action, and the action is prematurely brought. The plaintiff has demurred to this defense, on the ground that it is insufficient in law upon its face.

The contention of the plaintiff is that the dispossession of the tenant by summary proceedings terminated the lease for all purposes, and that thereafter the provisions for retention of the deposit by the landlord were also terminated, and that in any event the deposit could only be retained thereafter as security for rent or damages which had already accrued at the time of the dispossession. Code Civ. Pro., § 2253; Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425; Seletzsky v. James, 69 Misc. Rep. 612, 126 N. Y. Supp. 82; Chaude v. Shepard, 122 N. Y. 397, 25 N. E. 358; Feinsot v. Burstein, 161 App. Div. 651, 146 N. Y. Supp. 939, aff'd without opinion 213 N. Y. 703, 108 N. E. 1093. In none of the cases cited and relied upon by the plaintiff, however, was the precise question here involved presented. In the present case it is expressly provided in the lease that, even after dispossession of the tenant by summary proceedings, he shall be liable for any deficiency in the rent after the landlord has relet the premises for his account, and to secure such deficiency, if any, it is further provided that the deposit

shall be retained until a day certain, to wit, December 31, 1915, and no action shall lie for its recovery until that time.

In the case of Michaels v. Fishel, supra, relied upon by the plaintiff, there was a similar covenant allowing the landlord to re-enter and relet the premises for the tenant's account in case of default, and a deposit to secure any deficiency or damage to the landlord by reason of the tenant's breach. The court held that the "re-entry" intended was by common-law action of ejectment, and not by summary proceedings, and that therefore the summary proceedings terminated the agreement. The court said, however (169 N. Y. at page 387, 62 N. E. 426):

"As the effect of the statute is to cancel the 'agreement for the use of the premises' and to annul 'the relation of landlord and tenant,' it terminates the lease, as such, the same as if it had 'been voluntarily canceled and given up' [citing cases]. It does not, however, terminate independent covenants, which are not a part of 'the agreement for the use of the premises,' although they are contained in the same instrument and are designed to furnish security to the lessors against the contingency of dispossession and its effect upon the lease proper, according to the statute. The right to enter into engagements of this character exists at common law, and, since there is no statute to prevent, as was said in an early case, such a contract 'certainly is not an illegal agreement, nor is there anything unreasonable in the lessee agreeing to completely indemnify his lessor for any injury which may arise to him by the lessee's breach of his own agreement. By the entry for condition broken, the estate of the lessee was at an end, and the lessor was in of his former estate. Rent, as such, could therefore no longer accrue to the lessor from the lessee; his liability rested only upon his covenant looking to this very event.' Hall v. Gould, 13 N. Y. 127–134."

The court then proceeded to find that, though the parties might have so contracted, the covenant of the lease related only to entry by ejectment and had no application to summary proceedings.

It is difficult to see how the parties in the instant case could have stipulated as to what should be the effect of summary proceedings upon their rights in the deposit in more explicit language than that employed by them in the lease. No reason is apparent why their clearly expressed intention should not be effectuated, and the security held until the termination of the period fixed by the covenant. It will be impossible to determine until that time what the deficiency of rent will be, if any, for which the former tenant is liable. There is no inconsistency in allowing this covenant to stand as to damages for failure to pay rent, even though the relationship of landlord and tenant was terminated by the summary proceedings, and rent as such could no longer be due. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203; Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996; Feyer v. Reiss, 154 App. Div. 272, 138 N. Y. Supp. 964; Lewis v. Stafford, 24 Misc. Rep. 717, 53 N. Y. Supp. 801; Longobardi v. Yuliano, 33 Misc. Rep. 472, 67 N. Y. Supp. 902.

The demurrer of the plaintiff to the plea in the answer designated therein "by way of defense" and contained in paragraphs "fourth" to "sixth," inclusive, is overruled. As the allegations of paragraphs "fourth to sixth, inclusive," are realleged in the plea designated in the answer "by way of further defenses" and contained in paragraphs "seventh and eighth," and nothing further is alleged therein to nullify their

effect, it follows that the demurrer to the said plea must also be overruled, and the same is true of the plea "by way of further offset," contained in paragraphs "twelfth" and "thirteenth" of the answer.

[3] The other pleas, "by way of offset," contained in paragraphs "fourteenth, fifteenth, sixteenth, nineteenth, twentieth, twenty-first, and twenty-second," respectively, of the answer, to which demurrers are interposed, are claims for damages alleged to have been sustained by the landlord by reason of the tenant's alleged failure to comply with covenants of the lease to keep the premises in repair, to obtain and keep accident liability insurance, and to pay for gas consumed on the premises. It is clear that they are proper offsets to the cause of action alleged in the complaint, and the demurrers to them are also overruled.

The defendant's motion for judgment on the pleadings is granted, with $10 costs, with leave to the plaintiff to withdraw the demurrer within 10 days, upon payment of said costs.