CLEMENTS PETERS, RESPONDENT, v. ABRAM WEINER, APPELLANT.

Submitted January 29, 1932—Decided April 26, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Weltchek & Weltchek*.

For the respondent, *Walter H. Flaherty*.

The opinion of the court was delivered by

LLOYD, J. This action was brought by Peters to recover on a claim for rent of premises in the city of Elizabeth, and the defense thereto was that the defendant had been evicted by a judgment instituted by the landlord for the possession of the premises. The lease was made on the 27th day of January, 1930, and called for the payment of rent at the rate of $40 per month in advance. The tenant remained in possession until January 17th, 1931. The rent due January 1st, 1931, not being paid, the landlord began an action for possession and recovered a judgment for posession on January 9th. This judgment directed the tenant to vacate the premises within five days. On the 13th the landlord distrained for rent on the personal property. In this proceeding a bond was given and the tenant vacated the premises on January 17th, taking with him the goods levied on.

The rent sought to be recovered in this action were the installments due thereafter, to wit, on February, March, April and May 1st. The court below gave judgment for the plaintiff and the defendant appeals.

The question in the case is whether the judgment for possession and the direction that the tenant remove in five days, coupled with the removal of the tenant before the rent now sued for became due, constituted an eviction which it is conceded would, if it existed, terminate the relation of landlord and tenant and bar any action for recovery of rents thereafter accuring.

It is claimed by appellant that the eviction was not complete until a writ of dispossession should actually issue and the defendant be forceably ejected. We think this contention is unsound. In the case of *Hunter* v. *Riley*, 43 *N. J. L.* 482, it was declared that "if the acts proven amount to a clear indication of intention on the landlord's part that the tenant shall no longer continue to hold the premises they will constitute an eviction," and in 36 *C. J.* 670, it is said that "a judgment or final order awarding possession to plaintiff is satisfied where plaintiff is put in possession or where defendant voluntarily complied with its requirements."

The tenant was not obliged to wait until his goods and himself were set out upon the public highway, but was justified in removing on the entry of the judgment. As a good citizen he was obliged to comply with the order of the court against him and surrender the possession which he could no longer legally retain.

Even in those states where the statutes expressly provide that the issuance of a warrant for the removal of the tenant annuls the relation of landlord and tenant, it is held that if the tenant removes from the possession and delivers possession to the landlord, the relation of landlord and tenant ceases. 36 *C. J.* 680.

The judgment is reversed.