MAX BLOOMBERG, Plaintiff, v. F. G. W. CONSTRUCTION Co., INC., Defendant.

City Court of New York, Bronx County, June 14, 1932.

*Edward I. Elicofon*, for the plaintiff.

*Harry G. Weinstein*, for the defendant.

DONNELLY, J. Plaintiff's action is to recover the sum of $1,500, deposited by him with the defendant for the full and faithful performance by plaintiff of all the terms and conditions of a certain lease entered into between him and the defendant. The lease was for the term of fifteen years, commencing the 1st day of September, 1931, and ending the 31st day of August, 1946, at an annual rental of $6,000 for the first five years and an annual rental of $7,200 for the remainder of the term, payable in equal monthly installments in advance on the first day of each and every month.

On November 18, 1931, the landlord defendant instituted summary proceedings against the plaintiff, his tenant, for non-payment of the rent for that month. Plaintiff was served with a precept and interposed an answer, but he defaulted on the day set for the trial. Thereafter, plaintiff vacated the premises, whereupon defendant re-entered.

Plaintiff moves to strike out the first affirmative defense, which sets up a judgment for $500 obtained by defendant against plaintiff for the November, 1931, rent, and to strike out the second affirmative defense and first counterclaim, which alleges the non-payment of the rent by plaintiff for the months of November and December, 1931, and January, February and March, 1932, and claims as damages therefor $2,500.

Paragraph 29 of the lease reads: " That if default be made in any of the covenants contained herein, then it shall be lawful for the said landlord to re-enter the said premises, and the same to have again, repossess and enjoy. The said tenant hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in section 998 of the Civil Practice Act, or by any law of the State of New York. The tenant waives all rights to redeem under section 1437 of the Civil Practice Act."

Under the terms of the lease just quoted, the lease was at an end when the landlord re-entered the premises. (*Cornwell v. Sanford*, 222 N. Y. 248, 252.) No right of action survived to the landlord for rent accruing subsequent to its re-entry. (*Fifth Ave. Inv. & Imp. Co. v. Bounsignore*, 75 Misc. 651.) The motion to strike out the second affirmative defense and first counterclaim is granted.

The only breach of the lease which the defendant is entitled to assert as a defense to the plaintiff's action for the return of the deposit, is the failure of the tenant to pay the November, 1931, rent. When the landlord elected to assert its right of re-entry, it waived all claim to the deposit, except so far as it was necessary to apply it

in payment of rent then due or accrued. (*Seletzsky* v. *James*, 69 Misc. 612, 615; *Caesar* v. *Rubinson*, 174 N. Y. 492, 498.) In *Feinsot* v. *Burstein* (78 Misc. 259, 261) the court said: " * * * after a landlord evicted a tenant by summary proceedings, he could not retain a deposit, though the terms of the lease stated that he had a right to retain the deposit in case of a breach of the covenants. The damages for the breach were the amount unpaid at the time the summary proceedings were had; these damages were absolutely fixed by the lease, and no other damages accrued after the summary proceedings, for these proceedings had terminated the lease." The first defense may properly be set up as a counterclaim. (*Cottle* v. *New York, W. S. & B. R. Co.*, 27 App. Div. 604, 611.) Motion to strike out the first defense granted, with leave to defendant to serve an amended answer within five days after service of a copy of the order entered hereon, upon payment of ten dollars costs. Order filed.