HUDSON COUNTY CIRCUIT COURT.

SUSAN P. FLEMING AND GREEN GABLES OPERATING CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, OR SUSAN P. FLEMING OR GREEN GABLES OPERATING CORPORATION, IN THE ALTERNATIVE, PLAINTIFFS, v. MATTER CONSTRUCTION CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided February 20, 1933

For the plaintiffs, *Heyman & Heyman.*

For the defendant, *Autenrieth, Gannon & Wortendyke.*

BROWN, C. C. J. The plaintiffs move to strike the answer and counter-claim of the defendant on the grounds that those pleadings are sham and frivolous. The suit arises out of a lease of premises situate in Jersey City; the plaintiff Susan P. Fleming being the lessee and the defendant the lessor. The period of letting commenced on the 23d day of December, 1929, and to end on the 31st day of December, 1951. The rent reserved was $43,000 for each of the first three years, $44,000 for the following two years and $45,000 for the balance of the term. Paragraph fourteen of the lease requires the tenant to deposit with the landlord the sum of $33,700 as security for the faithful performance of the terms, conditions and covenants of the lease, the landlord *during the entire term thereof* to retain the security and if there was no

breach in the terms of the letting by the tenant the landlord was to apply the deposit to the rental of the last year of the term of the lease. The plaintiff other than Susan P. Fleming became interested in the leased premises by assignment of the lease. The lease contains the usual covenants found in agreements for the renting of premises and in addition a paragraph (fifth) wherein the tenant agrees in case of default in the payment of rent the landlord may at its option terminate the lease in which event the lease would expire as fully and completely as if there was a date therein definitely fixed for the expiration of the lease and the tenant further agreed that she would quit and surrender the premises to the landlord, "provided, however, that in such case the tenant shall, nevertheless, remain liable for the payment of rent as herein provided."

The sixth paragraph of the lease provides for the right of re-entry in case of default by the tenant either by summary proceedings, &c., in which event the landlord is not to be held liable for damages and the landlord shall have the right to terminate the lease at its option and "relet the demised premises or any part thereof as the agent of the tenant, and receive the rents therefor, applying the same, first, to the payment of such expenses as the landlord may have incurred, and then to the fulfillment of the covenants of the tenant herein, and the balance if any, at the expiration of the term as above provided, shall be paid to the tenant, and for such purpose, the tenant hereby makes, constitutes and appoints the landlord as the agent of the tenant, with full power and authority to do and perform all acts necessary in the premises. In any event, the tenant shall remain liable for, and the tenant hereby covenants to pay to the landlord until the expiration date mentioned in this lease, notwithstanding the provisions of this lease relating to termination hereof, by the landlord in case of default by the tenant, the equivalent of the amount of all of the rent reserved herein, less the avails of reletting, if any, and the same shall be due and payable on the several rent days above specified, that is, upon each of such rent days, the tenant shall pay to the landlord the amount

of the deficiency then existing. The words "re-enter" and "re-entry" as used in this lease are not to be restricted to their technical legal meaning."

The plaintiffs complied with all the terms and conditions of the lease until the 15th day of April, 1932, when they defaulted in the payment of rent and water charges for water used on the premises which the tenant agreed to pay. The defendant upon default immediately brought suit in a District Court and obtained possession. Thereafter the plaintiff's tenant brought their suit to recover from the defendant landlord the deposit of $33,700 less the moneys claimed to be due by the defendant for rent and water charges.

The plaintiffs' motion to strike is directed against the separate defenses and counter-claim set forth in the answer. The separate defenses are to the effect that the defendant had the right of re-entry after default and notwithstanding such re-entry the tenant was to remain liable for the payment of the rent as provided in the lease. Reference is also made to the provisions in the fourteenth paragraph of the lease wherein it is provided that the deposit shall be held by the landlord as security for the performance of all the terms of the lease and that the lease would not expire until the year 1951, and that it was through the willful and intentional breach of the covenants on the part of the plaintiffs that the landlord was required to re-enter the premises; that by reason of the terms of the lease and the willful breach by the tenant of the covenants of the lease the landlord is entitled to retain the security for the rent until the expiration of the lease and to set off against the deposit any damages sustained by the landlord. In the counter-claim the defendant refers to the lease and charges a breach by the tenant in failing to pay its rent and the right of re-entry on the part of the landlord; losses sustained by the landlord caused by the tenant's failure to pay the water rents as provided in the lease; destruction of personal and real property; costs of repair, loss of rentals, all of which the defendant charges were occasioned and caused by the tenant in violation of the terms of the lease.

The plaintiffs contend that because the landlord obtained possession of the premises it thereby effected a suspension of the entire rent that was due thereafter and all remedy for its recovery during the continuance of the eviction. *Hunter* v. *Reiley*, 43 *N. J. L.* 480; *Morris* v. *Kettle*, 57 *Id.* 218; 30 *Atl. Rep.* 879; also that they have the right to recover the deposit paid by them to the landlord less the amount due for rent and water charges at the time of the alleged eviction. *Hecklau* v. *Hauser*, 71 *N. J. L.* 478; 59 *Atl. Rep.* 18; *Peters* v. *Weiner*, 109 *N. J. L.* 10; 160 *Atl. Rep.* 31.

The defendant's reply to this argument is that under the terms of the lease the cases above cited have no application as the lease provides for the payment of rent and other performances by the tenant notwithstanding the tenant's eviction and dispossession until the expiration of the lease in the year 1951. No authorities have been cited in the defendant's brief to support this contention and those the court has been able to ·locate sustain the defendant's contention.

The surrender of a leased premises by a tenant extinguishes the relation of landlord and tenant and ordinarily releases the tenant from liability for rent accruing thereafter. It may of course be expressly provided in the lease that the obligation to pay rent shall not cease on surrender of the premises and the parties may provide at the time of the surrender that the surrender shall not release the tenant from liability for rents not then accrued. 36 *C. J.* 337, § 1144.

A lessor's acceptance of premises surrendered by lessee after notice to quit for non-payment of rent, manifested a termination of the relation of landlord and tenant, but did not effect lessee's contractual liability for subsequent accruing rents under express covenant in a lease to pay rent for the entire term, irrespective of the forfeiture according to the decision in *Selts Inv. Co.* v. *Promoters, &c.*, 222 *N. W. Rep.* 812. In *Blumberg* v. *Corday*, 160 *N. Y. Supp.* 613; *affirmed*, 171 *App. Div.* 906, a tenant who had been dispossessed by summary proceedings for failure to pay rent was held not to be entitled to a return of security deposited for the faithful performance of the provisions of the lease in an action

commenced before the expiration of the term of the lease, since one provision was to the effect that the lessee should remain liable after re-entry by the landlord for default of the lessee, for any deficiency existing in the amount of rent which he was able to realize therefrom, and it would be impossible to determine until the expiration of the term what, if any, the deficiency would be.

In the instant case the contractual liability of the tenant continues after the eviction caused by the landlord's dispossess proceedings until the termination date of the lease. The motion to strike will be denied.