RALEIGH REALTY CORPORATION, RESPONDENT, v.
HYMAN M. JACOBS, APPELLANT.

Submitted October 7, 1941—Decided December 30, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Milton M. Unger.*

For the respondent, *Laurence Semel.*

The opinion of the court was delivered by

PARKER, J. This is a landlord's suit for rent reserved in a written lease for the months of March, April, May and June, 1940. The March rent seems to have been admitted as due, the tenant having occupied the premises during that month; but the landlord's right to rent for the other months was disputed by the defendant on the ground that statutory proceedings in dispossession had been had, and the tenant evicted by virtue thereof; and that liability for rent ceased with the eviction. *Peters* v. *Weiner,* 109 *N. J. L.* 10. The landlord's answer was that a clause in the lease provided "that in case of default in any of the covenants, or if the said premises shall become vacant at any time during the term thereof, the Landlord may resume possession of the premises and relet the same for the remainder of the term at the best rent he can obtain for the account of the Tenant, who will

make good any deficiency." The trial judge held that this language was effective to prevent application of the rule in Peters v. Weiner, and awarded judgment for the landlord. That such a result will follow from suitable language clearly expressing the intent, seems to be fairly well settled. 36 C. J. 336. The New York case of *Michaels* v. *Fishel,* 169 N. Y. 381, is cited to the contrary: but the decision in that case turned not so much on the language of the contract as on a section of the code of civil procedure quoted at pages 386, 387, barring recovery in a case of eviction by summary proceedings, though not so where the action was in ejectment, page 390. And in the New York case of *Ashton Holding Co.* v. *Ross,* 163 N. Y. Supp. 99, the court sustained a recovery after the statutory summary proceeding in a case where the language of the lease seems to have been precisely that used in the case at bar and above quoted. We have no such statutory provision as that quoted in *Michaels* v. *Fishel:* and we consider that the Ashton case was well decided. The clear implication of the language now under consideration is that the tenant remains liable for rent if he deserts the premises or is evicted because of default in his obligations. The judgment under review will be affirmed.