ELLA J. FIBISH AND FRANK FIBISH, PLAINTIFFS-RE-SPONDENTS, v. HARRY BENNETT AND SELMA BEN-NETT, HIS WIFE, DEFENDANTS-APPELLANTS.

Submitted October 5, 1943—Decided January 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiffs-respondents, *Seufert & Elmore* (*Charles Fishberg*, of counsel).

For the defendants-appellants, *George F. Losche.*

The opinion of the court was delivered by

PORTER, J. This suit is by a landlord to recover rent under a written lease. The trial court sitting without a jury found for the plaintiffs. The defendants appeal.

The facts were stipulated. The lease was dated July 18th, 1941, and was for a term of one year and eight months ending April 1st, 1943. The rental was for $1,000 payable $50 each month in advance. The suit was for rent for the last three months of the term which had not been paid, the defendants denying liability on the theory that they had been evicted for non-payment of the rent for December, 1942, by summary proceedings which had the effect of terminating the lease and their responsibility thereunder. They rely on *Peters* v. *Weiner,* 109 *N. J. L.* 10; 160 *Atl. Rep.* 31. We think that case is not in point because there was no covenant in that case to pay the rent after an eviction or the vacation of the premises otherwise, while here the lease bound the defendants to pay the rent for the period of the letting and authorized the landlord in the event the premises became vacant or deserted to re-enter and relet same and to apply the rent so received toward the rent due under the lease. The eviction under the circumstances did not absolve the tenants from the obligation of the lease to pay the rent. There was no reletting during the remainder of the term. It seems clear that the meaning of the lease was that the tenant was to pay the rent irrespective of why the premises were vacated, whether by a voluntary vacation by the tenant or by an eviction by lawful proceedings. *Cf. Raleigh Realty Corp.* v. *Jacobs,* 127 *N. J. L.* 454; 23 *Atl. Rep.* (*2d*) 280.

The judgment is affirmed, with costs.