Sarah Mae FLEMMING, Appellant,

v.

SOUTH CAROLINA ELECTRIC AND GAS COMPANY, a corporation, Appellee.

No. 7276.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 15, 1956.

Decided Nov. 29, 1956.

Robert L. Carter, New York City (Lincoln C. Jenkins, Jr., Columbia, S. C., and Thurgood Marshall, New York City, on the brief), for appellant.

Frank B. Gary and Frank K. Sloan, Columbia, S. C. (W. C. McLain, Arthur M. Williams and Cooper & Gary, Columbia, S. C., on the brief), for appellee.

Irvine F. Belser, Asst. Atty. Gen. of South Carolina (T. C. Callison, Atty. Gen., and William A. Dallis, Asst. Atty. Gen., of South Carolina, on the brief), for the State of South Carolina, amicus curiae.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HOFFMAN, District Judge.

SOPER, Circuit Judge.

This suit was brought by Sarah Mae Flemming, a Negro woman, against the South Carolina Electric and Gas Company on the ground that on June 22, 1954, the driver of a bus operated by the defendant company required her as a passenger to change her seat in accordance with the segregation statutes of South Carolina, Code 1952, §§ 58–1491 to 58–1496. The District Judge dismissed the case on the ground that the State statutes were valid under the decision of Plessy v. Ferguson, 163 U.S. 537, 16 S. Ct. 1138, 41 L.Ed. 256. On appeal this judgment was reversed and the case remanded for a new trial in an opinion, 4 Cir., 224 F.2d 752, where we said:

"We do not think that the separate but equal doctrine of Plessy v. Ferguson, supra, can any longer be regarded as a correct statement of the law. That case recognizes segregation of the races by common carriers as being governed by the same principles as segregation in the public schools; and the recent decisions in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884, which relate to public schools, leave no doubt that the separate but equal doctrine approved in Plessy v. Ferguson has been repudiated. That the principle applied in the school cases should be applied in cases involving transportation, appears quite clearly from the recent case of Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L.Ed. 1302, where segregation in dining cars was held violative of a section of the interstate commerce act providing against discrimination. The argument that such segregation can be upheld as a proper exercise of the state police power was answered in the case of Dawson v. Mayor and City Council of Baltimore City, 4 Cir., 220 F.2d 386, 387, where with respect to segregation in recreational centers we said:

"'* * * it is obvious that racial segregation in recreational activities can no longer be sustained as a proper exercise of the police power of the State; for if that power cannot be invoked to sustain racial segregation in the schools, where attendance is compulsory and racial friction may be apprehended from the enforced commingling of the races, it cannot be sustained with respect to public beach and bath-house facilities, the use of which is entirely optional.'"

Upon the new trial in the District Court the case was again dismissed upon the grounds that (1) the driver was not acting under the State law to enforce the segregation of passengers when he ordered the plaintiff to change her seat, and (2) that the separate but equal doctrine of Plessy v. Ferguson, as applied to the bus driver, was not repudiated by this Court until after the event on which the suit is based; and that it would be unjust to apply the new rule retroactively and hold the bus company liable for dam-

ages for an act which was lawful when it was performed.

■ We think that these positions are not tenable. It is true that most of the passengers in the bus at the time of the occurrence were Negroes who were seated or standing as far front as the second transverse seat in the bus; but the evidence on behalf of the plaintiff shows that she took a seat in the second row when it was vacated by a white woman and was immediately ordered by the driver to get up and go to the rear. This was sufficient evidence to take the case to the jury. There was additional evidence that the driver struck the plaintiff when she immediately attempted to leave the bus by the front door and was ordered to leave by the side door in accordance with the company's regulations. This evidence separately considered did not directly bear on the segregation issue, but it was admissible as part of the transaction.

■ On the other ground for dismissal of the case the significant fact is that the cases of Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, and Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884, were decided on May 17, 1954, prior to the actions of the driver on which this suit was based. While these were school cases the opinions left no doubt that the separate but equal doctrine had been generally repudiated, as we pointed out in Dawson v. Mayor and City Council of Baltimore City, 4 Cir., 220 F.2d 386, and in our prior opinion in this case.[1] That this interpretation of the opinions of the Supreme Court was correct was confirmed by the recent decision of the Supreme Court in Gayle v. Browder, 77 S.Ct. 145, a bus segregation case, wherein the Court relied on its decisions in the school segregation cases, Mayor and City Council of Baltimore City v. Dawson, 350 U.S. 877, 76 S.Ct. 133, and Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141.

In most jurisdictions it is held that reliance on a statute subsequently declared unconstitutional does not protect one from civil responsibility for an act in reliance thereon which would otherwise subject him to liability. See 11 Am.Jur. p. 830; note 53 A.L.R. p. 269 et seq. Whether action taken under a statute valid under the constitutional doctrine prevailing at the time it was taken is protected where the statute is subsequently declared unconstitutional[2] we need not decide, since here the only basis upon which the statute could be sustained, the "separate but equal" doctrine, had been repudiated by the Supreme Court prior to the commission of the act constituting the ground of liability. While we think that the statute may not be relied on, under such circumstances, as a complete defense to liability, we do think that it may properly be considered by the jury on the issue of damages.

The judgment of the District Court will be reversed and the case remanded for further proceedings.

Reversed.

---

1. On the same day, in Muir v. Louisville Park Theatrical Ass'n, 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112, the Court made it clear that its decisions in the school cases were not limited to the field of education by remanding for consideration, in the light of those decisions, a case involving the rights of Negroes to use the recreational facilities of public parks. Prior thereto, on June 3, 1946, in Morgan v. Commonwealth of Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317, the Court held that a State statute requiring segregation of Negroes on interstate busses was an unconstitutional burden on interstate commerce; and on June 5, 1950, in Henderson v. United States, 339 U.S. 816, 70 S.Ct. 843, 94 L. Ed. 1302, the Court held that the practice of assigning a separate table in a dining car to Negroes violated their statutory right of equality of treatment. See also the opinion of Circuit Judge Rives in Browder v. Gayle, D.C.M.D.Ala., 142 F.Supp. 707.

2. See Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364–365, 53 S.Ct. 145, 77 L.Ed. 360; Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642, 645–646, 136 A.L.R. 1025.