ANDREW B. CALLEN AND DICKSIE H. CALLEN, HIS WIFE, AND
    RALPH A. RUNYON, JR., AND PATRICIA S. RUNYON, HIS
    WIFE, T/A PARD REALTY, PLAINTIFFS-RESPONDENTS, v.
    SHERMAN'S, INC., FLORENCE KARASIK, INDIVIDUALLY,
    AND JULES KARASIK, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 5, 1982—Decided January 20, 1982.

440

Before Judge MICHELS, McELROY and COLEMAN.

*Kathleen R. Wall* argued the cause for appellants (*Alan C. Sugarman*, attorney).

*Leonard S. Needle* argued the cause for respondents (*Zager, Fuchs, Leckstein & Kauff*, attorneys; *Leonard S. Needle*, on the brief).

The opinion of the court was delivered by

COLEMAN, J. A. D.

This appeal challenges the constitutionality of the distraint statutes, *N.J.S.A.* 2A:33–1 *et seq.*, because the landlord is permitted to seize the tenant-debtor's property with the assistance of a sheriff or constable without notice or prior judicial review. Succinctly put, defendants maintain that the statutory scheme contravenes the Fourteenth Amendment's prohibition against a state taking an individual's property without due process of law. The Law Division concluded that (1) the statutory scheme was

441

constitutional, (2) judgment be entered for plaintiff for $7,418.07 for unpaid rent and (3) the counterclaim be dismissed. For the reasons which follow, we hold the statute is unconstitutional and the counterclaim was improperly dismissed. We affirm the judgment for unpaid rents.

Defendants leased commercial premises from plaintiffs for the purpose of operating a retail store. After defendants fell two months behind in their rent plaintiff instructed a municipal constable to "secure" the premises. The constable placed a distraint on the premises and impounded the goods contained therein. Defendants were advised that they could retake possession of the premises and its contents only if they brought the rent up to date.

One of the defendants thereupon notified the Small Business Association (SBA), which had a security interest in all of the property and fixtures in the leased premises, of the distraint. Plaintiffs gave the keys to the premises to the SBA and it auctioned off all of the goods to satisfy its security interest. Plaintiffs then brought this action for unpaid rent. Defendants counterclaimed for damages arising out of the allegedly illegal distraint.

Distress is a landlord's remedy which has been in existence since the 13th Century, if not before, *Elkman v. Rovner*, 133 *N.J.Eq.* 93, 98 (Ch.1943). It permits the landlord to seize and sell the goods of his tenant to satisfy arrearages for rent. 23 *N.J. Practice (LeWine, Landlord and Tenant Law)* (3 ed. 1962), § 1871 at 5. The remedy has been subject to legislation since 1795. *Id.* 6. Now codified as *N.J.S.A.* 2A:33–1 *et seq.*, it permits the landlord to post a notice of distress at the premises without notice to the tenant, thereby depriving the tenant of any access to the goods contained therein. The tenant may commence an action within ten days to recover the goods. *N.J.S.A.* 2A:33–9. If he does not, then the goods are appraised and sold at public sale. *N.J.S.A.* 2A:33–9 and 10. The remedy is not available to a landlord of residential premises. *N.J.S.A.* 2A:33–1, as amended by *L.*1971, *c.* 228, § 1.

We are in substantial agreement with the trial court opinions in *Van Ness Industries v. Claremont Painting*, 129 *N.J.Super.* 507 (Ch.Div.1974), and *Porter & Ripa v. 200 Madison Ave. Real Estate*, 159 *N.J.Super.* 317 (Ch.Div.1978), aff'd on other grounds 167 *N.J.Super.* 48 (App.Div.1979), insofar as they hold that *N.J.S.A.* 2A:33–1 *et seq.* fails to afford a tenant due process. Due process requires notice and an opportunity to be heard even if the debtor is deprived of his property for only a brief period of time. *Fuentes v. Shevin*, 407 *U.S.* 67, 85–86, 92 *S.Ct.* 1983, 1996–1997, 32 *L.Ed.2d* 556, 572–573 (1972), reh. den. 409 *U.S.* 902, 93 *S.Ct.* 177, 180, 34 *L.Ed.2d* 165. Since *N.J.S.A.* 2A:33–1 *et seq.* permits a landlord to seize a tenant's property without any notice to the tenant and without any prior judicial review it does not satisfy the essential requirements of the due process clause. *Id.* See, also, *North Georgia Finishing v. Di-Chem*, 419 *U.S.* 601, 95 *S.Ct.* 719, 42 *L.Ed.2d* 751 (1975); *Sniadach v. Family Finance Corp.*, 395 *U.S.* 337, 89 *S.Ct.* 1820, 23 *L.Ed.2d* 349 (1969). Compare *Mitchell v. W. T. Grant Co.*, 416 *U.S.* 600, 94 *S.Ct.* 1895, 40 *L.Ed.2d* 406 (1974), which upheld sequestration procedures because they required the creditor to file a detailed affidavit with a court and post a bond, and afforded the debtor an immediate post-seizure hearing.

Plaintiffs contend that the statutory scheme is valid because the State did not participate in any meaningful way in depriving the tenant of his property. The Due Process Clause of the Fourteenth Amendment only protects against state deprivations of property. *Flagg Brothers, Inc. v. Brooks*, 436 *U.S.* 149, 98 *S.Ct.* 1729, 56 *L.Ed.2d* 185 (1978).

> ... Mere passivity in state action is not proscribed. State action is not invoked; it is restrained. So, as shield rather than sword, does the Amendment secure to the people due process and equal protection of the laws. [*King v. So. Jersey Nat'l Bank*, 66 *N.J.* 161, 175 (1974)].

Thus, a state statute which permits a warehouseman to enforce a lien by selling goods placed in storage, or which permits a creditor to repossess an automobile without notice to the debtor, does not run afoul of the Due Process Clause because no public

official participates in the taking of the debtor's property. *Flagg Brothers, Inc. v. Brooks* and *King v. South Jersey Nat'l Bank*, both *supra*.

█ Unlike the statutes at issue in *Flagg Brothers* and *King*, *N.J.S.A.* 2A:33–1 *et seq.* authorizes a public official to take an affirmative role in aiding the creditor. Sheriffs and constables "shall aid in the execution of" the distraint. *N.J.S.A.* 2A:33–14. These public officials are also instructed to assist in the inventory and appraisal of the tenant's goods, *N.J.S.A.* 2A:33–9 and 13, and the disposition of the proceeds following sale. *N.J.S.A.* 2A:33–10. *See Van Ness Industries v. Claremont Painting, supra*, 129 *N.J.Super.* at 514–515. In the present case a public official, a constable, took an active role in the distraint.

Thus, we conclude that *N.J.S.A.* 2A:33–1 *et seq.* offends due process because it involves public officials in depriving individuals of their property rights without notice and without a hearing. We express no opinion as to whether a distraint which does not involve any public official would be valid. See dissenting opinion in *Flagg Brothers, supra; S. M. I. Industries, Inc. v. Lanard & Axilbund, Inc.*, 481 *F.Supp.* 459 (E.D.Pa.1979); *Hitchcock v. Allison*, 572 *P.2d* 982 (Okl.Sup.Ct.1977). *But see Luria Bros. & Co., Inc. v. Allen*, 512 *F.Supp.* 596 (W.D.Pa.1981).

█ Plaintiffs argue that even assuming *N.J.S.A.* 2A:33–1 *et seq.* is unconstitutional, nonetheless the lease authorized plaintiffs to deprive defendants of their goods without notice. Plaintiffs rely on paragraph 17 of the lease. That paragraph provides that upon the tenant's default the landlord may "by force or otherwise" reenter the premises and relet as tenant's agent. Paragraph 18 grants the landlord the additional remedy of terminating the lease by giving the tenant five days notice in writing. Upon termination, the landlord has the right to remove the tenant's goods. Paragraph 19 states that once the lease is properly terminated the landlord "shall have the right, without any notice to the Tenant," to sell the equipment, fixtures and goods of the tenant which are still on the property after termination of the lease.

Plaintiffs misconstrue the rights conferred upon a landlord when the lease authorizes him to reenter. The term "re-entry" means:

> The act of resuming the possession of lands or tenements in pursuance of a right which [the] party exercising it reserved to himself when he quit his former possession.... [*Black's Law Dictionary* (5 ed. 1979)].

Arguably, a right to reenter includes a right to remove the tenant's goods on the premises. *See Mershon v. Williams,* 62 *N.J.L.* 779, 784 (E. & A. 1899). We find no authority to support plaintiffs' argument that a right of reentry also authorizes a landlord to deprive the tenant of the use of his property unless and until the tenant pays the rent.

Paragraphs 17, 18 and 19, read together, state that a landlord may reenter without notice, but if the landlord wishes to deny the tenant access to his goods, then the landlord must first terminate the lease. Termination can only be had upon five days written notice. In effect, the lease gives a tenant in default five days to get his goods off the premises. In this case plaintiffs did not give the defendants the required five days notice.

Finally, defendants contend that plaintiffs were not entitled to any rent which accrued after the illegal distraint. Defendants reason that by in effect dispossessing them, plaintiffs elected their remedy and should not be entitled to damages in the form of rent for the duration of the term.

The lease plainly authorizes plaintiffs to reenter upon default and relet as the tenant's agent, without terminating the tenant's liability for rent. Such clauses are valid and will be given full effect. *Fibish v. Bennett,* 131 *N.J.L.* 98 (Sup.Ct.1944), aff'd 132 *N.J.L.* 168 (E. & A. 1944); *Raleigh Realty Corp. v. Jacobs,* 127 *N.J.L.* 454 (Sup.Ct.1941). To the extent that *Tanella v. Rettagliata,* 120 *N.J.Super.* 400 (Cty.D.Ct.1972), holds otherwise, it is disapproved.

That part of the judgment awarding plaintiffs damages for unpaid rent is affirmed. The dismissal of defendants' counter-

claim is reversed and remanded for trial. We note that defendants request us to remand simply for the purpose of assessing damages against plaintiffs. In the first place, defendants' counterclaim was dismissed on motion before defendants introduced their evidence except for the stipulated facts. Secondly, plaintiffs raised the defense that they "complied with all the applicable case law and statutory law." We need not determine at this point whether that constitutes a good defense. *See Welsh v. Kinchla*, 577 F.2d 767 (1 Cir. 1978), cert. den. 439 *U.S.* 983, 99 *S.Ct.* 574, 58 *L.Ed.*2d 655 (1978); *Kacher v. Pittsburgh Nat'l Bank*, 545 F.2d 842 (3 Cir. 1976); *Tucker v. Maher*, 497 F.2d 1309 (2 Cir. 1974), cert. den. 419 *U.S.* 997, 95 *S.Ct.* 312, 42 *L.Ed.*2d 271 (1974); *Rios v. Cessna Finance Corp.*, 488 F.2d 25 (10 Cir. 1973); *Lang v. Bayonne*, 74 *N.J.L.* 455 (E. & A. 1907). *But see Flemming v. South Carolina Electric and Gas Co.*, 239 F.2d 277 (4 Cir. 1956); *Hyman v. Long Branch Kennel Club, Inc.*, 115 *N.J.L.* 123 (E. & A. 1935).

Reversed and remanded for trial on the counterclaim.