EDWARD B. DOLTON v. MARIE M. SICKEL, PROSECUTOR.

Submitted March 21, 1901—Decided June 10, 1901.

1. The re-letting by a landlord of a part of leased premises to a third person is an eviction that, during its continuance, suspends the whole rent.

2. Where the tenant has abandoned the whole premises, a re-renting by the landlord of all or a part for the benefit of the tenant and with his acquiesence imposes upon the landlord no penalty other than crediting the tenant with the sum earned by such re-rental.

3. The case of *Yetter* v. *King Confectionery Co., ante p.* 491, applied to this case.

On *certiorari* to District Court.

Before Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Frank S. Katzenbach, Jr.*

For the prosecutor, *Holt & Van Dike.*

The opinion of the court was delivered by

GARRISON, J. This was an action for rent brought in the District Court. The question of tenancy that is in this case

is in its legal aspects identical with that passed upon in Yetter *v.* King Confectionery Co., argued at the same term and decided in an opinion now filed.

The present case presents, however, a further question. The District Court found as facts "that the plaintiff refused to accept a surrender of the premises; that the .prosecutor removed her belongings from the premises, left the keys with the plaintiff, and that he subsequently rented portions of the premises to other parties;" also that "there was no surrender of the premises effected by the leaving of the keys with the plaintiff and that the renting of a part of the premises by the landlord did not constitute eviction; and that the tenant should be credited upon the year's rent for the amount received by the landlord for the parts rented and a judgment should be given in the landlord's favor for the remainder."

We have looked at the testimony returned in response to a rule made in the cause and find that it affords a rational support for the above findings, provided the re-letting of a part of the demised premises be not, *ipso facto,* an eviction that during its continuance would suspend the entire rent.

The essence of an eviction is that it disturbs the possession of the tenant. *Meeker* v. *Spalsbury, ante p.* 60. The penalty for such a disturbance, if it be ascribable to the landlord, is that while it lasts he can collect no rent from the original tenant. The re-letting of a part of the demised premises by the landlord to a third person is, in a legal sense, an eviction. *Morris* v. *Kettle,* 28 *Vroom* 218.

Where, however, the tenant has vacated and abandoned the premises an eviction by such a re-letting is constructive merely and should, within the reason of the rule, impose upon the landlord no penalty other than that of crediting the tenant with the sum so earned by the property, during the term. In a case that presents such circumstances, the question of eviction *vel non* is a question of fact. Such was the complexion of the present case upon the proofs before the District Court. There is in the testimony, returned with this writ, valid ground for the inference that the tenant had knowledge of the effort of the landlord to rent for her the rooms she had

abandoned, and that she acquiesced in it, knowing that he proposed to hold her to her tenancy. Under these circumstances the finding of the trial court that there was no eviction will not be disturbed. The judgment rendered was in accordance with the fact so found, and the fact is justified by the proofs.

The judgment of the District Court is affirmed, with costs.