IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1920.

EMILIE S. BANKS, PLAINTIFF, v. WILLIAM BERLINER, DEFENDANT.

Submitted December 2, 1920—Decided April 15, 1921.

1. To constitute a surrender of a lease by act and operation of law there must not only be an abandonment by the tenant but an acceptance thereof by the landlord as a surrender.
2. A landlord has a right, after leased premises have been abandoned by the tenant, to enter upon them for the purpose of discovering the condition thereof and to make such repairs thereto as are necessary for the protection of the premises, and the exercise of those rights are not at all a recognition of the tenant's right to abandon the premises.
3. An effort by the owner of leased premises, which have been abandoned by the tenant before the expiration of the term, to relet them does not constitute an acceptance of an alleged surrender by the tenant.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

267

For the rule, *Oliver K. Day.*

*Contra, Elmer King* and *Harold A. Price.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover rent alleged to be due for certain premises in the town of Boonton under a written lease made by the plaintiff to the defendant for a term of two years beginning October 1st, 1916, at an annual rental of $1,800, payable in equal monthly installments, in advance. The defendant took possession of the premises at the beginning of the term and continued in the occupation thereof until the 1st of January, 1918, when he abandoned them without notice to his landlord. He paid rent up to the time of abandonment, but refused further payments thereafter, and the present suit was brought for the rent accruing from that date until the end of the term provided by the lease.

The defendant resisted the plaintiff's claim upon two grounds: First, that the premises had become untenantable by reason of the failure of the landlord to make necessary repairs, notwithstanding the fact that by one of the covenants of the lease she was under obligation to do so; and that this constituted an eviction of the defendant by the plaintiff. Second, that there had been a surrender of the term arising by act and operation of law.

At the trial of the case the court charged the jury that the failure of the landlord to make necessary repairs, although in violation of her covenant, did not constitute an eviction, did not justify the defendant in abandoning the premises, and did not release him from his obligation to pay rent, his remedy for the default of the plaintiff being an action for a breach of her covenant. The question whether or not there had been a surrender of the term arising by act and operation of law, however, the court considered was one to be determined by the jury under the facts put in evidence. The result of the trial was the rendition of a verdict of no

cause of action and the verdict was accordingly entered in favor of the defendant and against the plaintiff.

Under the instructions of the trial court the verdict must be presumed to have resulted from a determination by the jury that the evidence submitted showed a surrender of the term by act and operation of law; and we are to determine whether such a verdict can be supported under the proofs. It is admitted that the defendant vacated the premises without notice to the plaintiff and that she was not aware of this action for some days afterward; when she called him up on the telephone to inquire why he had not paid the installment of rent due on January 1st and informed him that she wanted it paid. To her request for the payment he replied, "We have vacated; no rent;" to which she answered, "You can't do that; you have an agreement with me until October, 1918, and I expect you to pay the rent." So far as the state of the case shows, this was the only communication between the parties upon the subject of the right of the defendant, on the one hand, to abandon the premises and cease to pay rent thereafter, and the right of the plaintiff, on the other hand, to hold the tenant responsible to pay the rent thereafter, notwithstanding his abandonment.

The only other proof bearing on the question of surrender was that some time in February, 1918, the plaintiff, accompanied by her lawyer, went through the house to see what condition it was in; that thereafter she caused certain repairs to be made by a plumber; that on a day in August of that year the defendant's wife saw her sitting on the front porch of the premises in a rocking chair with a book in her hand; that the plaintiff on one occasion showed the property to a prospective purchaser; that Mr. Banks, the plaintiff's husband, had been commuting on the railroad between New York and Boonton, and on one or more occasions had been seen going across a bridge near the house; and, lastly, that a man named Vincent, who had been the defendant's gardener during his occupation of the premises and also the gardener of the plaintiff previous to the making of the lease, had been seen picking cultivated strawberries on the place. Mrs. Banks

and her husband, although not denying these various incidents, both testified positively that they had never resumed the occupation of the premises or resided there from the time of the abandonment by the defendant up to the time of the expiration of the lease.

The credit to be given to the testimony of Mrs. Banks and her husband was, of course, for the jury. Assuming that it was entirely discredited by them, can it be said that the incidents testified to on behalf of the defendant will support the conclusion that there had been a surrender of this lease by act and operation of law? To constitute such a surrender there must not only be an abandonment by the tenant, but an acceptance thereof by the landlord as a surrender. It is only when the minds of the parties to a lease concur in a common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises. *Meeker* v. *Spalsbury,* 66 *N. J. L.* 60; *Jones* v. *Rushmore,* 67 *Id.* 157; *Home Coupon Exchange Co.* v. *Goldfarb,* 78 *Id.* 146. The undisputed testimony of Mrs. Banks, when she was informed by the defendant that he had vacated the premises and would no longer pay rent, that he had an agreement with her until October, 1918, and that she would expect him to pay the rent, notwithstanding the fact that he had vacated the premises, demonstrates, as we think, that there was then no intent on her part to relinquish the relation of landlord and tenant between herself and the defendant, and, clearly, the incidents which we have recited afford no ground for considering that she afterward changed her position, and by implication agreed to put an end to the term and to accept the abandonment of the premises by the tenant as a surrender of the term. She had a right, after the premises had been vacated, to enter upon them for the purpose of discovering the condition in which the tenant had left them; she had a right to make such repairs thereto as were necessary for the protection of the premises; and the exercise of those rights are not at all a recognition of the tenant's right to abandon the premises,

nor do they justify the conclusion that by these acts she intended to put an end to the tenancy. Nor does the fact that Mrs. Banks endeavored to relet the premises after the 1st of January, 1918, and before the expiration of the lease, constitute an acceptance of an alleged surrender. In doing so, she was acting not only in her own interest, but in the interest of her tenant, for, if she had succeeded in reletting the property, the tenant would have been entitled to have credited on his obligation the amount received under the new lease. *Whitcomb* v. *Brant*, 90 *Id*. 245.

It seems hardly necessary to add that the commuting of the plaintiff's husband from New York to Boonton, coupled with the fact that on one or more occasions he was seen in the neighborhood of the leased property, have any evidential value in determining whether or not she had accepted the defendant's vacation as a surrender of the term fixed by the lease. And this is equally true with relation to the act of Vincent in picking strawberries.

For the reasons given, we conclude that the verdict cannot be justified by the proofs submitted and that the rule to show cause must be made absolute.