SAMUEL LISKOVSKY, PLAINTIFF-RESPONDENT, v. NA-THAN BLAU, DEFENDANT; NATHAN ZIMMERMAN, DE-FENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, Nathan Zimmerman, *Samuel J. Davidson.*

For the respondent, *Carl Weitz.*

The opinion of the court was delivered by

KAYS, J.  This is an appeal from a judgment entered in the Hudson County Circuit Court. The case was tried before Judge Thomas Brown and a jury. At the close of the case the judge directed a verdict in favor of the plaintiff and against the defendants for the sum of $2,225. From this judgment one of the defendants, Nathan Zimmerman, appeals here.

The action was for rent under a guarantee annexed to a written lease. Plaintiff had owned the property in question for about seven and one-half years and made a lease to Zimmerman Furniture House, Incorporated, dated May 8th, 1930. The defendants, Nathan Blau and Nathan Zimmerman, guaranteed the payment of the rent under this lease. On July 2d, 1933, plaintiff leased the premises to one John F. Dwyer. There is no proof in the case that plaintiff was acting for the Zimmerman Furniture House, Incorporated, when this new lease was made. The defense to the action was that the lessee became a bankrupt; that the premises had been abandoned by the receiver in bankruptcy and then had been sublet by plaintiff, which acts on the part of the parties constituted a surrender of the lease and effected a release and surrender of the old obligations including the guaranty. It was claimed that the plaintiff entered upon the premises, made improvements not in accordance with the lease and thereby relieved defendants from paying rent.

The main point on the appeal seems to be that the plaintiff, Liskovsky, did not make the new letting as the agent of the bankrupt tenant; that he made it independently, and that therefore, he was not entitled to hold the surety for a breach of the first lease. Judge Brown held that the release of a written lease must be in writing or if there was a surrender of the lease by operation of law the minds of the parties must meet; that no proof appeared in the case that their minds

did meet; that the proofs showed that the repairs were made for the purpose of preserving the buildings and did not act as an ouster of the tenant; that no action taken by the landlord released the surety and that the reletting of the premises by the landlord diminished the damages for which the surety would be liable.

We think the trial court properly directed a verdict in favor of the plaintiff. There is nothing in the record to indicate a surrender of the lease by operation of law nor is there anything to indicate that the reletting by the landlord was for any other purpose than to diminish the damages for which the defendants would be liable. A landlord in thus reletting could hardly be required to recite in a new lease that he was acting for the tenant who was in default in order that he might recover from the surety. A landlord would not be barred from recovery for breach of a guaranty because he relet abandoned premises in order to make some use of them and for the purpose of diminishing the damages for which the guarantor would be liable.

The judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.