## In re UNITED CIGAR STORES CO. OF AMERICA (CLAIM OF MEADOWS).
### No. 313.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Perlie P. Fallon, of New York City, for appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City (William D. Whitney, Donald C. Swatland, and R. L. Gilpatric, all of New York City, of counsel), for reorganization trustee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This claim, filed by a former landlord of the debtor, included an amount for taxes and repairs which accrued prior to the filing of a petition in bankruptcy by the debtor before these proceedings were commenced, and was allowed to that extent. It also included an amount for future rent and for damages for the breach by the lessee, this debtor, of a building covenant in a lease of real estate, and to that extent was disallowed.

The claimant is the owner of premises in Lincoln, Neb., which she leased to the debtor for a ninety-nine year term beginning in 1922. The lessee went into possession under the lease by the covenants of which it was to pay the taxes and insurance premiums on the premises; to keep them in good repair; to pay rent as stipulated; and to replace the building there located with a new one by July 1, 1942. It occupied a portion of the premises as a store and sublet the remainder.

The lessee filed a voluntary petition in bankruptcy in the District Court for the Southern District of New York on August 29, 1932, and was adjudicated the same day. Its trustee in due course decided to reject the above-mentioned lease as burdensome and moved for leave so to do or in the alternative to assign it to the lessor or to her nominee. After some negotiations between attorneys for the trustee and for the lessor, the lease was assigned to the lessor's nominee, Frelem Realty Corporation, in accordance with an agreement dated December 16, 1932, and signed by the trustee, by the lessee, and by the lessor. The lessor then made an agreement with Frelem Realty Corporation which became effective January 1, 1933, which modified the lease by reducing the rent and by eliminating the covenant for the tearing down of the existing building and the erection of a new one. With this surrender of the lease by the lessee, so accepted by the lessor, there was no reservation by the lessor of any rights against the lessee under the original lease. As the lessor is now the claimant and the lessee the debtor, they will hereafter be so designated.

The assignment agreement of December 16, 1932, which was fully performed by the trustee and the debtor, required the debtor to assign to Frelem Realty Corporation not only the lease but the subleases and rents thereunder accrued and unpaid and to accrue on and after September 1, 1932, and required the trustee to pay the claimant all net collections of rent from subtenants after September 1, 1932, up to the time the property was surrendered. The claimant expressly agreed to assume all obligations of the debtor under the lease and the subleases, to indemnify the trustee against all liability under them, and gave to the debtor, to the bankrupt estate, and to the trustee a general release "from any and all liability of any nature with respect to the Lease and said agreements of sublease hereby assigned and with respect to the premises, including, but without limiting the generality of the foregoing, any and all claims on the part of the Landlord in respect of rent. * * *" This was qualified by a rider providing that nothing in the release should "be deemed a waiver by the landlord of the right to prove against the bankrupt estate any provable claims to which the Bankruptcy Court may adjudge the Landlord is entitled but this shall not be deemed to render any claim a provable claim which is not otherwise such or relieve the Landlord from the necessity of proving and obtaining the allowance of any such claim or preclude the Trustee from contesting such proof or allowance. * * *"

The claimant insists that she has a claim provable under section 77B(b), 11 U.S.C.A. § 207(b) based upon a rejection of the lease by the trustee in bankruptcy. It is true that the trustee had decided that the lease ought to be rejected and had filed a petition for leave to reject or to assign it to the claimant. But the claimant elected, though no doubt it is true that her election was but an attempt to make the best of an unsatisfactory situation, to have the lease assigned instead of rejected. In connection with that she accepted the surrender of the premises to her nominee without reserving any rights under the lease against this debtor. That left no legal basis for the claim now being made. T. A. D. Jones Co. v. Winchester Repeating Arms Co. (C.C.A.) 61 F.(2d) 774; In re United Cigar Stores Co. of America (Otis), 83 F.(2d) 202 (C.C.A.2), decided today. Moreover, she expressly assumed all the obligations of the debtor under the terms of the lease and the subleases, leaving her both the obligor and obligee of any such claim as she is now making.

Since that part of the claim disallowed was not a valid claim against the debtor, it was not susceptible of proof in this proceeding even though it was ostensibly in the class of claims provable in reorganization proceedings under section 77B and excepted by the rider from the release given. In re United Cigar Stores Co. of America (Otis), supra.

Order affirmed.

AUGUSTUS N. HAND, Circuit Judge (concurring).

This is a case of such a qualified release as I discussed in dealing with the claims of the Joseph E. Otis Estate Land Trust against the debtor, as to which I am filing a dissenting opinion along with the present one. Accordingly, the rider here, as there, prevented the release from being a bar and the claimant should be allowed to prove any claim permitted by the terms of the lease itself and the provisions of section 77B (11 U.S.C.A. § 207).

But no claim for future rent can be proved, because the lease provided that, upon default and surrender of the premises and improvements and accrued rents, this transfer shall be liquidated damages for the default. As this surrender and transfer occurred, there could be no damages for loss of future rents.

The further claim for breach of a building covenant is equally illusory. In the first place, I think it is merged in or satisfied by the provision for liquidated damages. But in any event the building only had to be erected at some time prior to the year 1942, and, if erected, would not become the property of the landlord until 2021. Thus it would have a life of seventy-nine years or more before it would pass to the landlord. Such a claim manifestly could have no more than a nominal value.

While, therefore, my reasons are different from those advanced in the prevailing opinion, I think the claimant had no provable claim, and the order should be affirmed.