**In re UNITED CIGAR STORES CO. OF AMERICA (CITY BANK FARMERS TRUST CO., Appellant).**

No. 312.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Mitchell, Taylor, Capron & Marsh, of New York City (Rollin Browne and Henry L. Glenn, both of New York City, of counsel), for claimant-appellant.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney, Donald C. Swatland, R. L. Gilpatric, and B. R. Shute, all of New York City, of counsel), for the reorganization trustee.

Shearman & Sterling and Berle & Berle, all of New York City (Sanford H. E. Freund, Winthrop H. Kellogg, and Douglas B. Steimle, all of New York City, of counsel), for appellees herein Preferred Stockholders' Protective Committee.

John Gerdes and John Godfrey Saxe, both of New York City, and Edward B. Lucius, of Chicago, Ill., amici curiæ.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant is the assignee of a claim by a landlord who owned premises in Trenton, ·N. J., which were leased to the debtor for a term of twenty years beginning April 1, 1926. The debtor occupied no part of the leased premises itself, but sublet them as of right it might under the lease. On August 29, 1932, the debtor filed a voluntary petition in bankruptcy and was then adjudicated a bankrupt. At that time its rent had been paid in full. Its duly qualified trustee found the lease burdensome and rejected it, pursuant to an order obtained for that purpose, on November 11, 1932, paying over to the landlord all rents it had in the meantime collected.

The landlord re-entered without notice in accordance with such a right reserved in the lease, and made structural changes in the premises to restore them to the condition they were in when leased by rebuilding a party wall and closing up a common entrance, all at an expense of $1,980.99. The lease provided that, at termination, all improvements made by the lessee should belong to and become the property of the lessor, but there was no provision that, upon termination before the expiration of the term and re-entry by the landlord, the premises might be re-let for the lessee's account and that the lessee should be liable for any deficiency. The landlord did relet without notice to the lessee.

The issue is whether the landlord has a claim for damages because of injury occasioned by the rejection of the lease by the trustee in the prior bankruptcy proceeding.

Whether such a claim is allowable under section 77B (b) (10), 11 U.S.C.A. § 207 (b) (10), depends upon whether, under the applicable state law, it is capable of proof on the merits. See In re United Cigar Stores Co. of America (Otis), 83 F.(2d) 202 (C.C.A.); In re United Cigar Stores Co. of America (Meadows), 83 F.(2d) 207 (C.C.A.)—both decided today. Section 77B makes such a claim provable provided there is evidence in support of it which constitutes proof as a matter of law. So there is no barrier confronting the appellant on the ground of provability because the proceeding in which the attempt to prove is· made is a proceeding in bankruptcy under section 77B.

But whether the order should be affirmed depends not alone upon that. It was necessary for the appellant to prove recoverable damages as a result of the rejection. When the trustee in bankruptcy rejected the lease, such rights to rent under subleases as the lessee had originally reverted to the bankrupt subject to the lessor's equitable lien upon them to secure the payment of rent under the main lease. In re United Cigar Stores Co. of America (Reisenweber's, Inc., v. Irving Trust Co.), 69 F.(2d) 513 (C.C.A.). When, however, the landlord re-entered, as it did at once, under a re-entry clause all rights of the lessee came to an end. Ordinarily such re-entry, in the absence of a covenant for

continuing liability for rent, also cuts off all liability of the lessee for future rent. In re Sherwoods, Inc. (C.C.A.) 210 F. 754, Ann.Cas.1916A, 940. When the landlord accepts surrender of the premises, he cannot have possession and use and still collect any part of the rent reserved in a lease which no longer confers any rights in the premises upon the lessee unless the lease contains a covenant to that effect. We do not find that the law of New Jersey is different in principle from the general rule in this respect. Only in the proof of surrender to, and acceptance by, the landlord does there seem to be a distinction. Apparently proof that a lease was rejected by a receiver in bankruptcy of the lessee, that the lessor re-entered and relet without notice to the lessee of acceptance of surrender or of an intention to relet for the lessee's account, is not sufficient as a matter of law to show a surrender and acceptance of the leased premises. Liskovsky v. Blau, 114 N.J. Law, 324, 176 A. 562. See, also, Dolton v. Sickel, 66 N.J.Law, 492, 49 A. 679; Banks v. Berliner, 95 N.J.Law, 267, 113 A. 321. But here the evidence went beyond that and showed that the landlord had made substantial changes in the premises indicative of the resumption of dominion over them inconsistent with the continuing status of landlord and tenant under the lease. These acts together show such an unequivocal breaking off of the relationship which before existed under the lease that the landlord must be held to have accepted a surrender of the premises as a matter of law in consequence of what was done. Sypherd v. Myers, 80 N.J. Law, 321, 79 A. 340; Fink v. Browe Co. (N.J.Ch.) 99 A. 926. Hence the necessary proof of surrender and acceptance which ended this debtor's liability for future rent under the lease made it impossible to show on the merits that the appellant's assignor sustained any damages from injury by the rejection of the lease. It therefore has no claim susceptible of proof as a matter of law. Section 77B did not create new rights to form the basis of claims but only enlarged the remedy to make some valid claims provable in proceedings under section 77B which were not before provable in bankruptcy. See In re United Cigar Stores Co. of America (Otis), supra, and In re United Cigar Stores Co. of America (Meadows), supra.

Order affirmed.