Supreme Court—Donsky v. Sedlak.

MINNIE DONSKY, ALSO KNOWN AS MINNIE RAPPORT, PLAINTIFF-APPELLEE, v. STEPHEN SEDLAK AND BARBARA SEDLAK, HIS WIFE, DEFENDANTS-APPELLANTS.

Submitted October 16, 1925—Decided January 21, 1926.

**Landlord and Tenant—Action to Recover Rent During Time Before Expiration of Lease the Property Was Vacant—Did Tenants Hold Under Sublease or Assignment?—Evidence Not Sufficient to Justify Decision That They Held Under Assignment—In Many Respects an Under Lease is More Unfavorable to Owner Than an Assignment—An Under Tenant Does Not Put Himself in Privity of Estate With Original Lessor, Nor is He Liable to Him For the Performance of the Covenants Running With the Land, Such as the Covenant to Pay Rent or Keep Premises in Repair.**

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *David Berman.*

For the defendants-appellants, *Benny & Cruden.*

PER CURIAM.

This was a suit by landlords against former tenants. The first count of the state of demand set up a sealed lease between the plaintiffs and one Philip Houtz, and alleged that the lease had been assigned to one Spiegal, and by Spiegal to one Cohen, and by Cohen to the defendants; that the defendants vacated the premises during the term, failed to pay the rent, and that the premises are still unoccupied. The second count is for damages for having wrongfully, willfully and maliciously torn down partitions and otherwise injured the demised premises. The trial court found for the plaintiffs in the sum of $300 on the first count and $175 on the second count.

Only two of the eight specifications for reversal raise any matter calling for our determination; these are the first and the last. Numbers two to seven, inclusive, are merely propositions of law or fact which do not assert any ruling of the trial court claimed to be erroneous. The last ground is that the court erred in giving judgment for the plaintiffs for damages done to the demised premises after the defendants-appellants vacated the same. Upon the state of facts as found by the trial judge, it is plain that these damages were not done after the defendants had vacated, but while they were vacating or before they had vacated, and in the presence and under the direction of the defendants, or one of them. Consequently, there was no error in the finding for the plaintiff on the second count. The first count presents much more difficulty because the landlord's claim was predicated upon an assignment of the lease, and there is no direct evidence of any assignment. By section 2 of the statute of frauds (*Comp. Stat., p.* 2610), no lease, estate or interest, either of freehold or term of years, shall be assigned, granted or surrendered, unless by deed or note in writing, signed by the party so assigning, or by act or operation of law. There was no written assignment of the lease, and we fail to find anything that can be called an assignment by operation of law, if there really be such a thing. The state of the case sets forth that the lease as originally made had been assigned by mesne assignment to one Abraham Cohen, although no writing indicating such assignment or assignments seems to have been put in evidence. It further sets forth that Cohen, about January 29th, 1924, sold the business operated in the premises to Barbara Sedlak, and there is a bill of sale in evidence covering the good-will of the business, stock and fixtures. But there is no language importing an assignment of the lease. Next, Barbara Sedlak, by written instrument, seems to have sold and conveyed to Michael Sedlak the good-will, stock and fixtures, and, in turn, Michael Sedlak made his bill of sale under seal, conveying to Mary and Adam Bilicki the stock and fixtures without any mention of good-will. This is all that is indicated by the documents. As a

matter of fact, Stephen and Barbara Sedlak took possession of the premises at the time of the assignment from Cohen, and remained in such possession until June 14th, 1924; but there is nothing to show that they held under anything more than physical transfer of possession, so that they might have been assignees of the lease, or they might have been merely subtenants. We are unable to see any presumption that they were assignees, especially in view of the fact that under our statute the assignment must be in writing. If they were merely subtenants, or tenants at will, they would be liable for rent, certainly, so long as they occupied the premises, but probably not thereafter, and certainly not until the end of the term created by the original lease. As was said by Chief Justice Beasley in *Field* v. *Mills*, 33 *N. J. L.* 254, 257, 258: "In many respects an under lease is more unfavorable to the owner of the land than an assignment. An under tenant taking the possession does not put himself in privity of estate with the original lessor; nor is he liable to him for the performance of the covenants running with the land— such as the covenant to pay rent or keep the premises in repair." And the converse of the proposition was illustrated in the more recent case of *Cifelli* v. *Santa-Maria*, 79 *Id.* 354, where the question was whether a party entering the demised premises with the tenant's consent and thereby substituted in the tenant's place any exercise a renewal privilege given by the original lease. And it was held that he could not.

The result is that there was nothing in the case on which the judge could determine, as he undertook to determine, as a fact, that as an assignment of the original lease had been made to the defendants; there was, therefore, error in so holding and in holding the defendants liable for $300 for rent of the premises over a period when they were not in the possession thereof, and were not shown to be liable upon the covenants of the original lease.

So far as relates to the item of rent, the judgment will have to be reversed; the question then arises whether it must be reversed *in toto*. We incline to think that under the rule

laid down in *Philbrick* v. *Mundy,* 93 *N. J. L.* 43, and in *Horst Co.* v. *City Brewery,* 94 *Id.* 230, the judgment will be affirmed if the plaintiff will waive the item of rent; otherwise it will be reversed. No costs will be awarded on this appeal.