CORNERSTONE BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, A CORPORATION, PLAINTIFF-APPELLANT, v. BERNARD TALLMAN, DEFENDANT-APPELLEE.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices BODINE and HEHER.

For the plaintiff-appellant, *Hannoch & Lasser.*

For the defendant-appellee, *G. Tapley Taylor* and *L. Stanley Ford.*

PER CURIAM.

The plaintiff sued for rent. The lease covered a one-family dwelling at 282 Briarcliff road, Teaneck, and one-half of the garage on the adjoining premises known as 276 Briarcliff road. During the defendant's term, the landlord leased the premises situate at 276 Briarcliff road, together with the entire garage to one Lent. Thereafter the defendant was prevented from using that part of the garage which had been previously leased to him. Defendant ceased paying rent and on his set-off was awarded the amount of money which he had expended for the rent of a garage. The fact question for the District Court was whether there had been an eviction. Certainly, the leasing of part of the demised premises to a stranger constitutes an eviction. *Morris* v. *Kettle,* 57 *N. J. L.* 218; 30 *Atl. Rep.* 879; *Dolton* v. *Sickel,* 66 *N. J. L.* 492;

49 *Atl. Rep.* 679. The penalty for such act by the landlord is that he cannot collect rent from his tenant.

In the case of *Gribbie* v. *Toms,* 70 *N. J. L.* 522; 57 *Atl. Rep.* 144, it appeared as a fact that there was no eviction by act of the landlord; hence the rents were apportioned. But it clearly appears from the state of the case before us that the eviction occurred by the act of the landlord in leasing a portion of the demised premises to another during defendant's term. Hence, the plaintiff was not entitled to rent. The defendant was entitled to recovery on his set-off for any damage sustained. Since not obliged to pay rent no damage appears from the mere circumstance that a garage leased by him cost much less than the rent he would have been obliged to pay but for the eviction.

The judgment is affirmed, except as to the damages awarded on the set-off, which is reversed.