ROBERT CAREY ET AL., EXECUTORS, PLAINTIFFS-RESPONDENTS, v. EUGENE W. HEJKE, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the appellant, *Morris Edelstein* and *Samuel Cooper.*

For the respondents, *Carey & Lane.*

PER CURIAM.

This is an appeal from a judgment of the Second District Court of Jersey City in favor of the plaintiffs and against the defendant for two months' rent under a lease. Plaintiffs are executors of the estate of Marie A. E. Seib who leased an apartment to the defendant for a period from November 1st, 1933, to October 1st, 1934, by a written lease, at a rental of $68 per month. The lease contained a clause that it should be considered as renewed from year to year after October 1st, 1934, unless either party gave a written notice of one month of intention to terminate on any yearly expiration date. No such written notice was ever given and defendant occupied the apartment and continued to pay the monthly rate of rental until he gave notice on May 29th, 1936, of his intention to vacate on July 1st, 1936. On or about May 9th, 1936, defendant had a conversation with an employe of the real estate firm having the building in charge to the effect that he desired to vacate. He was told that his lease was effective until October 1st. On June 30th, 1936, defendant vacated and turned the keys over to the superintendent. The landlord entered into the apartment and redecorated it for the purpose of renting it, and in late August or early September, 1936, permitted another tenant to move in. This tenant was by agreement to commence the payment of rent on October 1st. This suit was then started to recover rent for the months of July and August, 1936, and resulted in judgment against defendant for the amount sought.

The first point argued by defendant-appellant is that a judgment of nonsuit entered in his favor against plaintiffs in a prior suit in another District Court to recover the same sum sought to be recovered here is *res adjudicata* or *stare decisis*. We see no merit in this point. The rule is that a judgment of nonsuit in a former action between the same parties is no bar to another suit for the same cause of action. *Beckett* v. *Stone*, 60 *N. J. L.* 23; *Penrose* v. *Absecon Land Co. et al.*, 94 *N. J. Eq.* 438. The case of *Crossley* v. *Briscoe*, 117 *N. J. L.* 474, is not applicable. There a written agreement had been construed by the Court of Errors and Appeals

in a former suit, and it was held that this construction was *res adjudicata* as to those who were parties to the prior suit and *stare decisis,* if not *res adjudicata,* as to the other persons sought to be held on the agreement.

The next point is that there was a surrender and acceptance by operation of law, in the action of the landlord in entering the premises, decorating, and permitting a new tenant to take possession before October 1st, 1936. But this is not so. Under the lease the landlord had the right to re-enter in case of default. In fact it was the landlord's duty to relet the premises and diminish the damages, and his conduct was in furtherance of this purpose. Nor did the handing of the keys to the superintendent operate as an acceptance. There is no proof that he accepted them as a token of surrender or that he had authority to bind the plaintiff in that regard. There must be an intention on the part of both parties that the demised premises be surrendered. *Joyce* v. *Bauman,* 113 *N. J. L.* 438.

The third point is that the original letting was not renewed upon its expiration on October 1st, 1934, but that a new oral agreement of letting from month to month was entered into and that, therefore, the notice given was sufficient to terminate the letting. This is based upon testimony of the plaintiff that he told Connors, representative of the real estate firm, that "unless he received a concession for the new period he was not going to remain in the apartment as a yearly tenant, and that he would only stay on as a month to month tenant." There was no testimony that any such "concession" was given or that any new agreement was entered into. This amounted to no more than an oral notice to terminate the contract and was insufficient in the face of the requirement of the lease that written notice be given.

The last point is that under *Loeb* v. *Barris,* 50 *N. J. L.* 382, the plaintiffs are not proper parties to bring the action. In the Loeb case the lease was between H. Beck, agent for Matilda Loeb, and Barris, and was signed H. Beck, agent. It was held that Loeb was not the proper plaintiff since she was not a party to the lease. In the instant case the parties

to the lease were Marie Seib and defendant, and the signature was Marie Seib (owner), J. I. Kislak, Inc. (agent), M. Connor. Plaintiffs' testate was a party to the instrument and her executors may maintain an action thereon.

The judgment is affirmed, with costs.