DAVID T. McCONNELL, PLAINTIFF-RESPONDENT, v. BEACH REALTY CO., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted May 5, 1942—Decided July 22, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-respondent, *George T. Vickers.*

For the defendant-appellant, *Joseph J. Corn.*

PER CURIAM.

This is an appeal from a judgment for the plaintiff in the Essex County Court of Common Pleas. The case was heard by Judge Van Riper sitting without a jury and he determined the facts and the legal questions arising therefrom.

The plaintiff as lessee (by assignment from the original lessee, Marius Constantine) sued to recover the sum of $600 deposited with the defendant owner for the faithful performance of the covenants in a lease between the defendant and the plaintiff's predecessor, lessee, to whose rights and obligations plaintiff succeeded. The lease in question was made on April 24th, 1936, for three years, the term to commence on May 1st, 1936, and to expire on April 30th, 1939. The present defendant became the owner of the premises February 15th, 1939, subject to the lease mentioned above.

Plaintiff avers that he became entitled to this deposit because at the expiration of the term the rent reserved in the lease had been paid and the premises surrendered according to the provisions of the lease covenants; that demand was made by him for the return of the deposit money and refused.

The defendant set up several defenses and counter-claims. It is said that the plaintiff and his predecessor, Constantine, failed to perform in accordance with the covenants and conditions of the lease, i. e., (a) they were obliged to pay the water rents and did not do so; (b) the lease provided that the premises should not be used for any purpose other than "batchelor apartments" (sic) and that they were not exclusively so used; (c) they were required by the lease to make all necessary interior repairs and failed to do so; (d) they failed to keep the premises in as good condition save for wear and tear as they were in at the commencement of the term; (e) they failed to yield peaceable possession of the premises in good condition; (f) they did not surrender possession of the premises at the end of the leasehold term.

The counter-claim is stated in five counts, in the first of which $10.35 is demanded for non-payment of water rents; in the second for violation of the provision regarding bachelor apartments, the sum of $1,000 damages is demanded; in the third, for not making necessary repairs, the sum of $3,000 is demanded; in the fourth, for quitting the premises on the 1st day of May, 1939, instead of the previous day, the sum of $225 is demanded; in the fifth, for keeping furniture and certain other chattels in the premises beyond May 1st, 1939, the sum of $200 is demanded.

The court, in deciding the matter, said that the testimony presented four defenses—the failure to vacate; the departure from the use set forth in the lease; the repairs that were not made, and water bill unpaid. Defense counsel conceded that these were the issues. As to the first, the court found that since the lease expired on Sunday, April 30th, 1939, the lessee had until the following day to move out, as he in fact did; as to the use of the apartments by others than bachelors, the court found in effect, and the evidence showed, that while the premises were rented to women tenants and even to mar-

ried couples with children that this use had been indulged by the landlord and by his predecessor landlord and that they both acquiesced in such use by conduct. The learned trial judge also found that obligation to make repairs had not been breached; that water rents in the amount of $18 were unpaid, which sum he allowed the defendant on its claim and making deduction in that amount from the sum on deposit—awarded the plaintiff judgment for $582 with interest and costs.

Appellant argues that there should have been a nonsuit. We think that there were fact issues to be determined from the proofs on all these several elements. It is only necessary to mention some of them in any detail. For instance, as to the improper use of the premises, the witness, Schwartz, president of the defendant corporation, admitted on cross-examination that the premises were not entirely used by male tenants but that rentings were made to women tenants and that this practice had existed prior to the beginning of the lease term. He further testified that bachelor occupancy, according to the notion of the landlord, was occupancy by an unmarried person of either sex. A plaintiff's witness testified there were also two or three families in the house who had children, and the plain inference is that the landlord knew all about this at the time the property was purchased. With regard to the clause, concerning bachelor apartments, this ought to have a practical construction. The evidence supports a conclusion regarding the tenancies that occupancy by unmarried men only was not an essential requirement. Further, there is a provision that should there be default in any of the covenants the landlord had the right of entry and could resume possession. Not only is there no proof that the landlord made any attempt to resume possession for violation of this covenant but no objection was made, so far as the record shows, to the fact that some of the apartments were occupied by families.

As to the matter of repairs, there was ample evidence to justify the court's conclusion that the premises were not left in a state of disrepair beyond that caused by ordinary wear and tear. The plaintiff and other witnesses testified that the

premises were in better condition at the end of the term than when the lease was originally made, due to repairs made by the plaintiff from time to time.

We then come to the question as to whether or not plaintiff should have vacated on the day fixed for the termination of the lease which happened to fall on Sunday. Our general policy with regard to worldly employment or business on Sunday is set out in our statute—2 :207-1, *et seq*. In matters between landlord and tenant, while Sundays and holidays are counted in computing the date of notice to quit, nevertheless where the last day falls on Sunday or a holiday it is excluded and the next day is counted. See 32 *Am. Jur.*, 838, § 997; also 86 *A. L. R.* 1348. The general rule is that where the date of performance of a contract is fixed by the lapse of a period of time which ends on Sunday, the contract is performable on the next business day and therefore the contract is not illegal as requiring performance on Sunday. See *Williston on Contracts (rev. ed.)* 4816, § 1700.

Finally, it is said by appellant that interest should not have attached to the judgment. This point has no merit. At the termination of the lease the defendant was obliged to return to the lessee the amount deposited as security for the performance of the lease, providing the lessee had properly performed thereunder. It was not returned although demand was made therefor and the court was entirely right in adding interest to the amount unlawfully retained.

The judgment should be affirmed.