15 N.J. Super. 261 (1951)
83 A.2d 352
ANTHONY A. PABLE, AGENT FOR ANTON PABLE, LANDLORD, PLAINTIFF-APPELLANT,
v.
EDWARD ZEBROWSKI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 13, 1951.
Decided September 14, 1951.
*262 Before Judges JACOBS, PROCTOR and WAESCHE.
Mr. Anthony A. Pable argued the cause for the plaintiff-appellant (Mr. Frederick H. Krech, attorney).
The opinion of the court was delivered by PROCTOR, J.S.C.
This is an action brought in the district court by the plaintiff landlord, pursuant to R.S. 2:58-5, to recover double the rent from the defendant tenant because of the tenant's failure to surrender possession after having given notice that he would vacate the premises on December 1, 1950. The defendant counterclaimed for $300. This sum was deposited in accordance with the terms of the lease as "security for the full and faithful performance" of the provisions thereof by the defendant; the lease further provided for the return of the aforesaid sum upon defendant's compliance with the terms of the lease. The premises were not subject to the Federal Housing and Rent Act.
The court, sitting without a jury, found that the defendant held over for three months after the date of removal specified in his notice and allowed the plaintiff $480, double the rent for that period. On his counterclaim the court found in favor of the defendant in the sum of $300. The court awarded the plaintiff a net recovery of $180 and judgment was so entered. Rule 7:9-5 (c).
Plaintiff appeals on the ground that the court erred in allowing defendant's counterclaim. Notwithstanding his recovery of double the rent for the period defendant continued in possession after the date specified, plaintiff argues he also *263 is entitled to retain the full amount of the deposit because the defendant, by such holding over, breached the lease.
The deposit was given as security for the payment of damages resulting from a default by the defendant, and not as liquidated damages. The plaintiff could not retain the deposit or any part thereof unless it appeared he was damaged to the extent of the amount retained. McConnell v. Beach Realty Co., 128 N.J.L. 493 (Sup. Ct. 1942), affirmed 131 N.J.L. 325 (E. & A. 1944). The only breach of the lease in issue was the failure of the defendant to vacate pursuant to his notice. That was the basis upon which the plaintiff sought and obtained a recovery of double the rent for the period of the defendant's occupancy. No other damages were shown. In part payment of the plaintiff's damages the $300 deposit was applied.
Judgment affirmed, without costs.