23 N.J. Super. 504 (1952)
93 A.2d 225
THOMAS J. SPENCER, PLAINTIFF-APPELLANT,
v.
LOUIS D. STEEL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1952.
Decided December 10, 1952.
*506 Before Judges McGEEHAN, BIGELOW, and JAYNE.
Mr. Carl Kisselman argued the cause for appellant (Mr. Ambrose J. Hinnegan, attorney; Mr. William C. Gotschalk, of counsel).
Mr. C. Zachary Seltzer argued the cause for respondent (Mr. Daniel Lichtenthal, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The present appeal calls our attention to the discretionary propriety of an order of the Burlington County Court denying the plaintiff's motion for the vacation of a judgment of involuntary dismissal granted on October 15, 1951. Rule 3:60-2.
A summary of the factual considerations before the trial court will suffice. The plaintiff evidently pursues the occupation of a fisherman on boats operating out of the port at Bivalve, Cumberland County. It seems inferentially that the means of communication with him were not ordinary. In the institution of the action which was dismissed his attorney appears by the present record to have erroneously represented him in the complaint to be a resident of the City of Philadelphia. In consequence of the statement of the plaintiff's non-residence within this State, the defendant demanded of the plaintiff security for the payment of costs. R.S. 2:27-424; N.J.S. 2A:15-67, 68. An answer and counterclaim were filed on behalf of the defendant.
The pretrial order designated October 1, 1951 as the date for the trial of the action and further provided that "should the security for costs not be posted on that date by 10 A.M. that the plf's action will be subject to dismissal."
*507 On October 1, 1951 the security had not been deposited and neither the plaintiff nor his attorney appeared in court. We are informed that the security was, however, supplied on October 9, 1951. The judgment of dismissal was granted as heretofore stated on October 15, 1951, and the counterclaim of the defendant abandoned.
About three months later a suit based upon the same alleged cause of action was instituted on behalf of the plaintiff against the defendant by another attorney in the Law Division of this court, Cumberland County, in which inter alia the defendant interposed the defense of res judicata. That averment occasioned the motion to vacate the judgment of dismissal entered in the former action.
A concise reference to the subject matter of the litigation is appropriate. The plaintiff alleged that on or about February 1, 1947 he and the defendant entered into an agreement by the terms of which he agreed to purchase the hull of a boat approximately 40 feet in length then located near Somers Point, and the defendant in consideration of the payment to him of $1,600 promised to move the hull to Delanco, repair and render it seaworthy, and upon completion of the work deliver it to the plaintiff. The plaintiff declared that he paid the consideration of $1,600 to the defendant but that the defendant failed to perform his obligations, hence the plaintiff rescinded the agreement and demands the return to him of the $1,600.
It is observable that our statutes (L. 1903, c. 247, § 205; R.S. 2:27-426; N.J.S. 2A:15-69) have provided that where a non-resident party has been required upon notice or demand to give security for costs, "all proceedings [on his claim] shall be stayed until such [the required] security is filed or deposit made."
But in Sheehan v. LaBelle Co., 92 N.J.L. 315 (Sup. Ct. 1918), our Supreme Court stated:
"In our opinion the filing of security of costs when demanded is a step in the cause, and, although the statute does not fix the time within which the security shall be filed, it manifestly must be done *508 within such reasonable time as the court may, in its discretion, determine; otherwise the defendant would remain subject to the action for an indefinite period * * * Under the facts existing in the case now under consideration, we are of opinion that the defendant is entitled to his motion, and may enter a judgment of non pros., with costs."
It is to be immediately acknowledged that the ultimate consequence of an unreasonable delay in providing required security for costs under our former practice and procedure was a judgment of non-suit with costs which would not in the absence of any other impediment preclude the plaintiff from the institution of another substituted action. So, too, would have been the nature of the judgment resulting from the inexcusable failure of the plaintiff or his attorney to appear in the cause on the day designated for trial. A non-suit in an action at law was never accorded the effectiveness of res judicata. Snowhill v. Hillyer, 9 N.J.L. 38 (Sup. Ct. 1827); Beckett v. Stone, 60 N.J.L. 23 (Sup. Ct. 1897); Penrose v. Absecon Land Co., 94 N.J. Eq. 436 (E. & A. 1923); Carey v. Hejke, 119 N.J.L. 594 (Sup. Ct. 1938).
It must also be conceded that there never was in fact "an adjudication upon the merits" of the action in which the judgment with which we are here concerned was entered. The record distinctly reveals that the action was dismissed for want of prosecution, that is, for the failure to furnish security to meet the contingent obligation to pay costs or for the neglect to appear on the date of trial, or both.
The defendant now puts forward the provisions of Rule 3:41-2 emphasizing that portion which reads:
"* * * Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule 3:41-2 and any dismissal not provided for in Rule 3:41, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits. Non-suits are superseded."
The literal import of the rule does not escape notice. Moreover an acquaintance with the experiences of its federal *509 progenitor indicates that the portion of the rule which impliedly ascribes conclusiveness to the dismissals not otherwise specified was intended also to embrace involuntary dismissals occasioned by a failure to comply with intermediate procedural requirements or by a lack of diligent prosecution even though there has not been in fact any presentation of the case, much less an adjudication, on the merits. Vide, 15 Fed. Rules Service 781.
However, it is unimaginable that in superseding non-suits it was intended that the modern counterpart of such judgments should in all instances possess the essential qualities of a final judgment upon the adjudicated merits of the factual and legal issues. Manifestly it was contemplated that the trial court should upon the consideration of the cause or causes for dismissal exercise sound and reasonable discretion in accordance with accepted legal principles in determining whether the judgment of dismissal should be with or without prejudice. Tsibikas v. Morrof, 5 N.J. Super. 306 (App. Div. 1949).
It is one thing to visit upon a delinquent or recalcitrant litigant the disadvantageous and costly consequences of a dismissal of the nature of the former non-suit and quite another forever to close the doors of the court to him in an unconditional denial of all opportunity to have his claim considered upon its merits. It is one thing to abandon the designation "non-suit" and another to ignore entirely the traditional reasons for its former existence.
In Chirelstein v. Chirelstein, 12 N.J. Super. 468, 477 (App. Div. 1951), Judge Bigelow stated:
"* * * When the dismissal with prejudice is not voluntary, it has been said to imply a decision on the merits. But where the record shows that the action was dismissed for want of prosecution or other reason that does not touch the merits, the addition of the words `with prejudice' cannot change the facts and the plaintiff is not concluded. Pueblo de Taos v. Archuleta, 64 F.2d 807 (10 Cir., 1933); Goddard v. Security Title etc. Co., 83 P.2d 24; Id., 14 Cal.2d 47, 92 P.2d 804 (Cal. Sup. 1939)."
*510 It was said in Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 161 (Ch. 1951), affirmed 9 N.J. 605 (1952), that a judgment of dismissal with prejudice entered pursuant to Rules 3:41-1 and 3:41-2 should be employed sparingly and with caution.
Rule 3:60-2 empowers the court for any justifying reason to relieve a party from the operation of a judgment. Justice Brennan, speaking then for this Division, remarked in Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951):
"* * * Equitable principles may be a guide in administering relief to determine in the particular circumstances whether justice and equity require that relief be allowed. * * *
The power should doubtless be freely exercised when the enforcement of a judgment would be unjust, oppressive or inequitable as to the party moving to vacate it."
Since the denial of the judge to afford the plaintiff relief from the prospective operation of the judgment, the reasonableness and justice of which we are asked to review, was within the category of judicial discretion, our inquiry converges upon the question whether in the circumstances of this case the action of the judge constituted a mistaken exercise of discretion.
"Perhaps a more accurate composite definition is that `judicial discretion' is the option which a judge may exercise between the doing and the not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case."
Smith v. Smith, 17 N.J. Super. 128, 132 (App. Div. 1951), certif. denied 9 N.J. 178 (1952); Amo v. Genovese, 17 N.J. Super. 109 (App. Div. 1951), certif. denied 9 N.J. 181 (1952).
Our conclusion is that the dismissal of the former action was justified but that the judgment should have been *511 without prejudice and should have been so converted in response to the motion made under Rule 3:60-2. Let a mandate issue directing the conversion of the judgment of dismissal into one expressly without prejudice. The judgment so reformed shall also be without prejudice to the prosecution of the defendant's counterclaim in the action now pending.