35 N.J. Super. 385 (1955)
114 A.2d 314
ABE SPEAR, PLAINTIFF-APPELLANT,
v.
LYNDALE MANUFACTURING CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1955.
Decided May 18, 1955.
*386 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Henry S. Ross argued the cause for appellant (Messrs. Ross and Flowers, attorneys; Mr. Robert E. Gladden, on the brief).
Mr. Charles A. Cohen argued the cause for respondent (Mr. Albert K. Plone, attorney; Mr. William Tomar, of counsel; Mr. Cohen on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This action for rent due was dismissed by the county district court judge on defendant's motion made at the close of plaintiff's case. The judgment must be affirmed.
*387 Plaintiff has failed to print as part of his appendix either the judgment appealed from or the notice of appeal, as required by R.R. 1:7-2. Cf. In re Gotchel's Estate, 10 N.J. Super. 208, 210 (App. Div. 1950).
Plaintiff appears to be the successor in interest of the original lessor, Leon Spear, who, by written lease of May 24, 1944, leased certain premises in Camden to Louis Seitchik, Inc. for a term of two years and from year to year thereafter, beginning August 15, 1944, at an annual rental of $7,200 payable in monthly installments of $600 each on the 15th day of each month. Incongruously, the lease also provided that "at the expiration of the term of this lease Lessee may have the option of renewing this lease upon the same terms and conditions for an additional period of two years from the date of the expiration of the lease, provided however that the Lessee shall give 3 months prior written notice to the expiration of the term of the within lease." Before the lease was executed a rider was attached which provided that the lease was to continue "from year to year thereafter if not terminated by giving 3 months written notice prior to the expiration thereof." The lease also contained a provision against assignment or subletting without the prior written consent of the lessor.
On May 14, 1946, Louis Seitchik, Inc. gave written notice that it was exercising its option of renewing the lease for a period of two years from the date of its expiration, i.e., August 15, 1946.
At some undisclosed date early in 1948 Mr. Seitchik died. The subsequent course of events was only meagerly described in the evidence. The most that can be discovered or inferred is a sale of the materials, supplies, machinery and equipment on the leased premises to a company known as Alden, Inc., a sale some time later in 1948 by the Alden company to the Cambrook Manufacturing Company, and a transfer of the "business" some time in 1950 to defendant Lyndale Manufacturing Co., Inc. The stockholders, directors and *388 officers of the Cambrook and Lyndale companies were the same.
The witness, Sidney L. Quitman, called by plaintiff, was the president of both companies, and is still president of defendant corporation. He testified that when Cambrook went into possession of the premises, following upon Alden, Inc., Cambrook did not enter into any lease with the owner, either written or oral, nor did defendant. At the time Cambrook bought the business from Alden, Quitman was told that there had once been a lease but it had expired. He made no inquiry of the rental agency which was servicing the lease as to the existence of a lease. Cambrook and Lyndale were satisfied to enter into possession of the premises on a month-to-month basis. The $600 monthly rent had regularly been paid to the rental agent, the rent due date having at some undetermined time been changed from the fifteenth to the first of each month.
On June 28, 1954 defendant gave written notice to plaintiff that it would vacate the premises on August 1, 1954 and not be responsible for rent thereafter. On August 5, 1954 plaintiff brought suit in the Camden County District Court for "one monthly installment of rent" in the sum of $600, due August 1, 1954. The action was in two counts, the first based on the claim that defendant had assumed the obligations of the original lessee, and the second alleging that defendant was assignee of the lease. Defendant did not answer but filed an appearance. At the trial it pleaded, among other things, the statute of frauds. Plaintiff objected to the raising of this defense, claiming it should have been set up by way of answer. The court permitted the defense. At the close of plaintiff's case the court, on defendant's motion, dismissed the action with prejudice.
The contention that defendant is an assignee of the original lease finds no support whatsoever in the record. Plaintiff, however, argues that there is a presumption of an assignment arising from the fact that defendant was found in possession of the premises. This presumption is rebuttable. *389 51 C.J.S., Landlord and Tenant, § 37(e), pp. 558-559. A presumption is merely a rule concerning evidence; it loses its force when it is met by positive, substantial and repellent evidence. In re Weeks' Estate, 29 N.J. Super. 533, 538 (App. Div. 1954); Gaudreau v. Eclipse Pioneer Division, etc., 137 N.J.L. 666, 669 (E. & A. 1948). If there were any presumption of assignment in this case it was effectively and conclusively refuted by the very evidence adduced by plaintiff through Quitman. His testimony clearly showed that there was no assignment to either the Cambrook company or defendant, and that defendant did not even know whether there was a lease or what the terms or conditions of the original lease had been prior to entry into possession. Donsky v. Sedlak, 4 N.J. Misc. 49, 131 A. 619 (Sup. Ct. 1926), was a similar case. The court held there was no written assignment of the lease and it failed to find "anything that can be called an assignment by operation of law, if there really be such a thing." It stated there was nothing to show that defendants there, as here, held under anything more than physical transfer of possession, and was unable to find any presumption that they were assigness.
There are two answers to plaintiff's point that a defendant in a district court action who enters an appearance pursuant to R.R. 7:5-4, but files no answer, may not interpose the defense of the statute of frauds for the first time at the trial. In the first place, there was actually no need to resort to this defense because the court dismissed the complaint at the close of plaintiff's case. Secondly, under the rule no answer is required in the county district court; an appearance suffices. This does not curtail such affirmative defenses as defendant may offer therafter. Maraziti v. Corigliano, 29 N.J. Super. 86, 89 (App. Div. 1953).
Finally, plaintiff claims that where a tenant has been in exclusive possession of property over a period of years and regularly paid rent without entering into any express agreement with the landlord, he is a tenant at will and must give six months' notice of intention to quit. No such contention *390 was made below, either in the complaint or at the trial. The case was tried exclusively on the theory of an assignment of the lease, and plaintiff may not now alter his theory on appeal. Incidentally, plaintiff's statement of questions involved in no way indicates that the point now argued was not raised below, as required by R.R. 1:7-1(c). The argument may not be made now.
Although a tenancy at will may arise by express agreement of the parties, or by a letting for an indefinite term without reservation of any regular rent, neither of these circumstances is here present. All we have is a permissive possession, the payment of $600 each month, and its acceptance by plaintiff through his rental agent  nothing more. See Tiffany, Real Property (3d ed. 1939), §§ 155-157, 160, pp. 249-253, 257-258. Accordingly, if there were need to decide the question, we would hold there was a tenancy from month to month only, and therefore defendant's one month's notice to quit was sufficient. Steffens v. Earl, 40 N.J.L. 128 (Sup. Ct. 1878); 32 Am. Jur., Landlord and Tenant, § 73, pp. 87-88; 1 American Law of Property, § 3.25, p. 225.
Affirmed.