41 N.J. Super. 437 (1956)
125 A.2d 345
LLOYD HEYMAN, PLAINTIFF-RESPONDENT,
v.
LINWOOD PARK, INC., SECTION FOUR, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 5, 1956.
Decided September 14, 1956.
*439 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles E. Villanueva argued the cause for the defendant-appellant (Messrs. Van Riper & Belmont, attorneys; Mr. Walter D. Van Riper and Mr. Eugene Tighe, of counsel).
No appearance for, nor brief filed by, the plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The defendant landlord, Linwood Park, Inc., appeals from a judgment for $103.50 and interest in favor of the plaintiff tenant, Lloyd Heyman, entered in the Bergen County District Court after trial without a jury. The plaintiff filed no brief on this appeal; nor did he appear on oral argument.
*440 The plaintiff and the defendant entered into a written lease for an apartment for a term beginning December 1, 1953 and ending November 30, 1955 at a monthly rental of $69, payable in advance on the first day of each month. In accordance with the terms of the lease, the tenant deposited with the landlord the sum of $69 as security for his full and faithful performance of the lease provisions. The deposit was to be returned to the tenant at the expiration of the term, provided the tenant had carried out all the provisions of the lease, one of which was to surrender the demised premises "in as good order and condition as they were at the beginning of the term, reasonable wear and damage by the elements excepted." The lease further provided that in the event of a default or should the premises be vacated, the landlord had the right to reenter and at its option to relet as agent of the tenant.
The tenant entered into possession and paid the stipulated rent each month including that due for October 1955.
On October 7 or 8, 1955 the plaintiff vacated the premises, moving all his effects but retaining the key to the apartment. When questioned by Mr. Cittadino, the rental agent of the defendant, as to what he was doing, he said that he was moving. Mr. Cittadino testified that on October 8 he inspected the apartment and noticed three different colors of paint on the walls, a two-by-four board across the ceiling, that the wall plaster was broken and there were holes in the floor. The plaintiff admitted that he had had a room separator in the apartment, which was fastened to the wall and to the floor, and that when he removed it there were three or four screw holes in the wall and two in the floor, and that the wall plaster was damaged.
Mr. Sarner, the defendant's maintenance manager, testified that the apartment was painted on October 12 and 13, and was rerented on October 15, 1955 at the same monthly rental of $69. Subsequently, the plaintiff demanded refund to him of the half-month's rent from October 15 to 31, 1955, and the return of the security deposit of $69. The landlord *441 refused the plaintiff's demand, and the present proceeding was instituted.
The trial court found that the landlord's act of reletting the premises was performed as agent of the tenant; that the landlord proved no expenses incurred in reletting; that the rent collected from the new tenant was for the benefit of the plaintiff and to be applied to rent due; and that, since the rent for October had already been paid, the half-month's rent should be returned to him. Further, that the premises "at the time plaintiff removed his furniture and the defendant took possession were in as good condition as they were when originally rented to the plaintiff, reasonable wear excepted." Thus, judgment was entered for the amount of the security deposit, plus one half month's rent for October.
The appellant argues here: (1) that when a tenant pays rent and vacates the premises during the term, he is not entitled to the return of a pro rata share, regardless of whether the landlord has relet the premises, unless the landlord relet the premises as the agent of the vacating tenant, and that the reletting here was on his own account; and (2) that when a landlord denies that a tenant is entitled to the return of a security deposit because of a breach of condition of the lease, he may assert this defense by filing an answer or by appearance, without filing a counterclaim.
It is the settled law of this State that the landlord is under no duty to reenter and relet where, as here, the lease contains a covenant that the tenant is not to assign or sublet without the written consent of the landlord, and has the usual option to reenter and relet in case of vacancy or abandonment. Muller v. Beck, 94 N.J.L. 311 (Sup. Ct. 1920); Heckel v. Griese, 12 N.J. Misc. 211 (Sup. Ct. 1934); cf. Carey v. Hejke, 119 N.J.L. 594 (Sup. Ct. 1938). Here, the landlord chose to reenter and to exercise his option to relet pursuant to the lease provision.
The appellant urges that the exercise of the option to relet was not as plaintiff's agent, but on his own account, and, hence, that he should be free to retain the proceeds thereof. That a landlord should be allowed to collect double *442 rent for his premises merely because the first tenant surrendered occupancy is unconscionable, nor is there any legal or equitable basis for such a result. If, as the appellant urges, he chose to relet the premises on his own account, such reletting would be deemed to be so substantial an interference with the plaintiff's right of possession as to constitute in a legal sense an eviction which would entitle the plaintiff to the proceeds of the reletting, Dolton v. Sickel, 66 N.J.L. 492 (Sup. Ct. 1901), affirmed 68 N.J.L. 731 (E. & A. 1903); Albrecht v. Thieme, 97 N.J.L. 103 (Sup. Ct. 1921), affirmed 98 N.J.L. 249 (E. & A. 1922), or alternatively it would terminate the plaintiff's duty to pay rent and would entitle him to the return of the rent for the period following the reletting, Hunter v. Reiley, 43 N.J.L. 480 (Sup. Ct. 1881); Morris v. Kettle, 57 N.J.L. 218 (Sup. Ct. 1894); Cornerstone Building & Loan Ass'n v. Tallman, 14 N.J. Misc. 375 (Sup. Ct. 1936). McCrory Stores Corp. v. Braunstein, Inc., 99 N.J.L. 166 (E. & A. 1923), cited by the appellant, is clearly distinguishable. Which alternative would prevail if the defendant's act of reletting was not as agent of the plaintiff need not be decided here, since the trial court found, and we concur, that the landlord reentered and relet the premises as agent of the plaintiff pursuant to the terms of the lease provision. Since the defendant has not proved that any expense was incurred by such reletting, the judgment of the trial court crediting to the plaintiff the proceeds of the reletting from October 15 to October 31 will be affirmed.
The appellant argued below that it was entitled to retain all or part of the security deposit on account of damage to the apartment. The contention that the plaintiff forfeited all his deposit because of the alleged damage is now conceded to be without legal foundation. It is the law of this State that upon violation of a lease provision the landlord can retain only that portion of the security deposit necessary to compensate for the damages he actually sustained by such violation. Hecklau v. Hauser, 71 N.J.L. 478 (Sup. Ct. 1904); Schmidig v. O'Baggy, 5 N.J. Misc. 554 (Sup. Ct. *443 1927); Pable v. Zebrowski, 15 N.J. Super. 261 (App. Div. 1951).
The defendant attempted to introduce evidence to show that at the time the premises were vacated there were three different colors of paint on the walls, and that consequently not one, but two, coats of paint were required to redecorate prior to reletting. The plaintiff testified without contradiction that he had painted the apartment with the consent of the landlord. After having granted permission for the plaintiff to paint, the defendant will not be allowed to recover damages for the extra coat required in repainting the apartment. Hence, evidence of such damage was properly excluded.
The defendant sought to introduce additional evidence that a two-by-four board had been fastened to the ceiling, and that the plaster walls and the floor had been damaged by screw holes which remained when a room separator was removed. The plaintiff objected to the introduction of this evidence on the ground that a claim to a portion of the security deposit because of such damages is assertible only by means of a counterclaim rather than a defense and, further, that if it be deemed a defense, it should have been pleaded and was not. The trial court allowed proof that there was damage to the apartment, but not the cost of repair thereof. In a case similar to the instant one, where the plaintiff sued to recover a sum deposited as security, it was held that the failure to make necessary repairs was properly assertible as a defense. McConnell v. Beach Realty Co., 128 N.J.L. 493 (Sup. Ct. 1942), affirmed 131 N.J.L. 325 (E. & A. 1944). Although it is not clear from a reading of that case whether the term "defense" is used loosely, i.e., whether it includes both defenses and counterclaims, it is the opinion of this court that in the instant case, particularly in view of the lease covenant to surrender the premises in as good condition as at the beginning of the term, the failure to make the necessary repairs to that end is assertible as a defense. Cf. Hecklau v. Hauser, supra. We are of the view that the damages incident to the removal of the room separator *444 and possibly of the ceiling board were beyond "reasonable wear."
Where, as here, the appellant chose to answer the county district court complaint by appearance rather than by pleading, such a defense may be raised at trial. Spear v. Lyndale Manufacturing Co., 35 N.J. Super. 385, 389 (App. Div. 1955). However, under the circumstances of this case it appears the better practice would have been for the defendant to file an answer setting up his claim for damage alleged to have been done to the apartment.
Thus, the amount of damages alleged by the defendant to the plaster, floor and ceiling occasioned by the plaintiff's ceiling board and room separator should have been considered by the trial court in determining the amount of the security deposit that the defendant should be allowed to retain. Accordingly, the cause is remanded for the limited purpose of determining the amount of such damage, the plaintiff to be entitled to the difference, if any, between such amount and the amount of the judgment below. No costs on this appeal.