137 N.J. Super. 442 (1975)
349 A.2d 142
JAMES BURNS AND THOMASINA BURNS, HUSBAND AND WIFE, PLAINTIFFS,
v.
WESTAMERICA CORP., A CORPORATION OF THE STATE OF NEW JERSEY t/a OCEAN HARBOUR APTS., DEFENDANT.
Superior Court of New Jersey, District Court, Atlantic County.
November 19, 1975.
*444 Mr. Thomas J. Vesper for plaintiffs (Messrs. Valore, McAllister, DeBrier, Aron & Westmoreland, attorneys).
Mr. Herbert Hausman for defendant.
HORN, A.J.S.C.
Plaintiffs husband and wife have instituted this action seeking, among other things, the recovery of their security deposit of $198, and $198 statutory damages pursuant to the terms of N.J.S.A. 46:8-21.1.
It is not disputed that on or about April 28, 1972 plaintiffs as lessees entered into a residential lease with defendant as lessor for apartment R-2, 4701 Harbour Beach Boulevard, Brigantine, New Jersey, for a term of one year. The lease provided for a monthly rental of $198 and also for the advance deposit by plaintiffs of the aforementioned $198. Plaintiffs remained at the apartment after the expiration of this lease, thereby becoming holdover tenants and presumptively establishing a month-to-month tenancy. N.J.S.A. 46:8-10.
Sometime in August 1973 defendant lessor instituted a summary dispossess action pursuant to N.J.S.A. 2A:18-53 and obtained judgment of possession for nonpayment of rent. This was done on the erroneous belief by lessor that the rent for August had not been paid when in fact it had been, during lessees' absence from the area.[1] Plaintiffs vacated the premises on September 1, 1973 and demanded return of their security deposit, which defendant refused to return on the ground that plaintiffs had failed to give termination notice pursuant to the common law. 23 N.J. Practice (Landlord and Tenant Law), § 3205 at 474 (1962), and cases cited therein.
The issues are whether plaintiffs are entitled to a return of their $198 security deposit at all and, if so, whether they are also entitled to the statutory penalty as well.
*445 A month-to-month tenancy can only be terminated on at least one month's notice. Hertzberg v. Siegel, 8 N.J. Super. 226 (App. Div. 1950); 51C C.J.S. Landlord and Tenant § 150(3) at 451. Defendant asserts that plaintiff lessees failed to give this requisite notice before quitting the premises and that such failure entitles lessor to retain the security deposit as liquidated damages. Lessees, on the other hand, urge that the requirement of notice is dispensed with because lessor's action in bringing summary dispossess proceedings obviated the legal requirement of notice.
It has been held that any matters determined in lessor's dispossess proceeding are not res judicata. Vineland Shopping Center, Inc. v. DeMarco, 35 N.J. 459 (1961); Levine v. Seidel, 128 N.J. Super. 225 (App. Div. 1974); Academy Spires, Inc. v. Jones, 108 N.J. Super. 395 (Law Div. 1970). Thus, the mere fact that defendant had obtained a judgment of possession has no prejudicial influence upon the merit of plaintiffs' contentions in the instant action.
Although a dispossession judgment does not end a tenancy for all purposes, Tanella v. Rettagliata, 120 N.J. Super. 400 (Cty. Ct. 1972); Schlesinger v. Brown, 116 N.J. Super. 500 (Cty. Ct. 1971); Hunter v. Reiley, 43 N.J.L. 480 (Sup. Ct. 1881), it does operate as a termination of the tenancy by the lessor for some purposes and justifies the lessee's immediate vacation of the premises. 18 N.J. Practice (County, District and Municipal Courts), § 1566 at 303 (1971). Plaintiffs thus acted properly in quitting the premises after the judgment of possession had been entered, inasmuch as they had received no assurance that it would be vacated.
Since plaintiff lessees vacated the apartment in compliance with the judgment, defendant lessor is not entitled to payment of rent, after their leaving the premises, for the month following the judgment. Peters v. Weiner, 109 N.J.L. 10 (Sup. Ct. 1932). Nor did the eviction judgment operate, ipso facto, to annul plaintiffs' rights to recover *446 the security deposit. Watson v. Jaffe, 121 N.J. Super. 213 (App. Div. 1972).
Defendant mistakenly instituted its eviction action. It also mistakenly believed that the enusing judgment would have no effect upon its right to receive a termination of lease notice. But its error has no effect on the lessees' legal rights, especially when they were not responsible for lessor's mistake of fact as to the rent having been paid or its mistake of law as to the effect of the judgment. There is no charge of fraud or other conduct on the part of lessees which calls for equitable relief for lessor. Vineland Shopping Center, Inc. v. DeMarco, supra.
The purpose of any notice requirement is to apprise a person of some proceeding in which his interests are involved, or to inform one of some fact which it is his right to know and the duty of the notifying party to communicate. Black's Law Dictionary, (4 Ed. 1968), 1210. In the instant case the fact that defendant instituted a dispossess action and obtained a judgment of possession shows, a fortiori, that defendant had knowledge of the relevant facts. Thus, the purpose of the notice requirement was satisfied.
The folly of requiring notice by lessees within the facts of this case is further elucidated through examination of the summary dispossess statute, N.J.S.A. 2A:18-53. That statute requires a landlord, in most cases, to give the tenant notice for delivery of possession as a condition precedent to the lessee's cause of action. Thus, a defendant landlord must have given plaintiffs notice. To require plaintiffs to give notice to defendant when defendant had already given notice to plaintiffs would thus be an absurdity.
I hold that the notice requirement on the part of plaintiffs was dispensed with, inasmuch as the necessity therefor was obviated.
The lease agreement in question states in part that the deposit is given as security for the "full and faithful performance by the tenant of all the terms and conditions upon the Tenant's part." The lessor is entitled to retain only *447 that portion of the security deposit necessary to compensate for the damages actually sustained by lessees' violation of the lease for which the deposit was made. Heyman v. Linwood Park, 41 N.J. Super. 437 (App. Div. 1956). Defendant makes no claim due to any damage done by plaintiffs. The sole claim for retention of the deposit is in the failure to give the termination notice.
Having adjudicated that lessees were under no duty to give the notice to terminate, they are therefore entitled to the return of their deposit within 30 days after the vacation of the apartment on September 1, 1973. N.J.S.A. 46:8-21.1. See Neuhaus v. Norgard, 140 Cal. App 735, 35 P.2d 1039 (Ct. App. 1934); Seletzsky v. James, 69 Misc. 612, 126 N.Y.S. 82 (Sup. Ct. 1910).
Defendant lessor's retention of the security deposit was wrongful and in clear violation of the mandate of N.J.S.A. 46:8-21.1. Although I realize that the double-recovery provision of the aforesaid statute has been construed to give the reviewing court some discretion (see Burstein v. Liberty Bell Village, Inc., 120 N.J. Super. 54 (Cty. Ct. 1972), I feel that in the instant case the policy of the Legislature in enacting a double-recovery provision would be furthered by its application.
Defendant had no factual basis which could be said to justify its retention of the deposit and substantiate a claim of good faith action on its part. And, as stated, plaintiffs were without fault. See Burstein, supra.
The security deposit law was enacted as a remedial measure. It is appropriate in the instant case to allow plaintiffs full recovery.
Judgment will be entered for plaintiffs in the amount of $396, plus costs of suit. Pursuant to N.J.S.A. 46:8-21.1, plaintiffs are also allowed a counsel fee of $75.
NOTES
[1] Although lessor's agent learned of the error before September 1, 1973 when lessees vacated, no effort to vacate the judgment or to assure lessees of intention to disregard it was made.